STATE of Missouri, Respondent,

v.

Wesley P. WILLIAMS, Appellant.

No. WD 33319.

Missouri Court of Appeals, Western District.

Dec. 14, 1982.

Gary E. Ravens, Marceline, for appellant.

John E. Casey, Linn County, Pros. Atty., Brookfield, for respondent.

Before MANFORD, P.J., and WASSERSTROM and KENNEDY, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a jury conviction for assault in violation of § 565.070, RSMo 1978. The judgment is affirmed.

This cause originated before the Honorable Walter E. Allen, and he disqualified himself and ordered the case to the presiding circuit judge for reassignment. Reassignment was made to the Honorable George S. Thompson, Associate Circuit Judge.

In this appeal, appellant charges that the trial court erred (1) in failing to sustain a motion to dismiss because the original charge was filed in Municipal Court as disturbing the peace, and the charge subsequently filed was in the circuit court alleging a violation of § 545.300, RSMo 1978, and (2) in denying appellant's motion to disqualify the prosecutor for prejudice.

After a hearing during which the trial court determined that appellant intelligently, knowingly, and voluntarily waived counsel and demanded he be permitted to proceed with trial as his own counsel, this cause was tried to a jury.[1]

In summary, the facts are as follows. At about 5:30 to 6:00 p.m., appellant was a patron in the R & R Bar, owned and operated by the victim, Carl Spath. Appellant had been in the bar drinking beer for about two hours. Spath was tending the bar, at which were seated appellant and two others. In the course of conversation with Spath, appellant made vulgar and suggestive remarks about Spath's 18-year-old daughter. After the third such remark, Spath grabbed for appellant from across the bar. Appellant stood up and threw a half-filled beer bottle at Spath. The bottle struck Spath on the earlobe, flew past him and proceeded through the glass front of a beer cooler. Spath ordered appellant to leave and while departing, appellant continued to heap obscenities at Spath. In addition to Spath, three other witnesses testified that they saw appellant throwing the beer bottle at Spath.

Appellant offered no evidence. The jury returned its guilty verdict, assessing punishment of eight days confinement (to be served on four weekends) and a fine to be assessed by the court. This appeal followed.

Point (1) is ruled against appellant. Appellant is confused over his assumption that when the charges against him were dismissed in Municipal Court without prejudice, that the state was required to file proceedings pursuant to § 574.101, RSMo 1978. It can be determined from the record that the facts warranted the filing of charges pursuant to § 545.300.

Rule 23.08 is not applicable, as this was not a case of an amendment to an existing information.

It was determined before the municipal court that the facts did not conform to a charge under the city ordinance. Dismissal was ordered by the municipal court without prejudice. Thereafter, the case was taken up by the local prosecutor. Such proceedings were in conformity with § 490.170, RSMo 1978. The pursuit of the matter by the local prosecutor after dismissal by the municipal court fell within the prosecutor's discretion. There is no showing of any abuse of that discretion, nor any irregularity with the subsequently filed information. This discretion fell within and comported with the rule in *Schultz v. Harper,* 573 S.W.2d 427 (Mo.App.1978).

Point (2) is ruled against appellant. The record shows appellant attempted to persuade the trial court that prior prosecutions of appellant by the prosecutor were tantamount to prejudice. In addition, appellant alleged a social relationship between the prosecutor and appellant's parents. The record reveals that the prosecutor at age three or four years was the ringbearer at the wedding of appellant's parents.

Our statute, § 56.110, RSMo 1978, addresses the disqualification of a prosecutor. There is no allegation by appellant, nor is there any evidence before this court, that any statutory disqualification was present. The trial court properly denied appellant's motion. *State v. Burton,* 544 S.W.2d 60 (Mo.App.1976) and *State v. Holt,* 603 S.W.2d 698 (Mo.App.1980).

Judgment affirmed.

All concur.

---

1. The record shows that counsel was appointed for appellant. Appellant rejected counsel and demanded he be permitted to act as his own counsel.