**STATE of Missouri, Respondent,**

v.

**Ronald L. PUCKETT, Appellant.**

No. 48872.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 21, 1985.

Michael Radosevich, Columbia, for appellant.

William Webster, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Defendant Ronald L. Puckett appeals his jury conviction of second degree burglary, § 569.170 RSMo 1978 and stealing § 570.-030 RSMo 1978. The trial court sentenced the defendant as a prior offender under § 558.016 RSMo 1978 to a term of imprisonment of seven years on each count, the sentences to run consecutively.

On appeal defendant raises two points as grounds for reversal. First, he contends that the state's evidence was insufficient to support his conviction. Second, he contends that the trial court erred in refusing to disqualify the prosecuting attorney who had served as counsel for defendant in a separate criminal proceeding ten years earlier.

On review, the court must view the evidence in the light most favorable to the state, disregarding all contrary evidence and inferences to be drawn therefrom. *State v. Jelks*, 672 S.W.2d 722, 723 (Mo.App.1984). Where the essential elements of the state's cases are circumstantial, the facts and circumstances upon

which the state relies must be consistent with defendant's guilt and inconsistent with any reasonable theory of innocence. *Id.* In viewing such facts and circumstances, we keep in mind that a conviction based on circumstantial evidence may rest on cumulative, interdependent facts, no one of which alone would create more than a suspicion of guilt. *State v. Jackson,* 519 S.W.2d 551, 557 (Mo.App.1975).

Appellant offered no evidence at trial. Viewed in a light most favorable to the verdict the state's evidence showed the following: On January 5, 1983, Carl Gunnett locked and left his home to go to his shop. When he returned at 11:00 a.m., he discovered that his home had been burglarized and that several items including a T.V. set, food, clothing, and a brown Datsun automobile were missing.

A highway patrolman stationed nine miles from the Gunnett residence on Highway T saw an east bound brown Datsun at approximately 11:00 a.m. The driver of vehicle made an aborted attempt to turn onto a road and then resumed its east bound course. The Datsun, travelling approximately 20–25 miles per hour passed within thirty feet of the patrol car. The passenger turned his head as the auto passed, the officer was able to directly view his face during this period.

The patrolman decided to pull over the suspicious auto, however, when he turned his siren and lights on the Datsun accelerated. A two and half mile chase ensued. The Datsun then collided with a stop sign, and the officer saw the two occupants leap from the auto and flee into a nearby woods.

An examination of the Gunnett residence revealed that the breaking and entry had been through the screen window in the south bedroom. Gunnett testified that the defendant had previously been employed by him to install a motor in his van. Upon learning that the defendant had no place to live, Gunnett invited him to stay in his home. The defendant resided at Gunnett's for a month in the south bedroom several months prior to the burglary. Later, Mr. Gunnett identified the abandoned Datsun, the T.V., skill saw, case of liquor, canned goods, meat, guns, moon boots, and clothing found within it as his property.

■ The evidence and the reasonable inferences to be drawn from it, establish the following conclusions: (1) the defendant had been employed by Mr. Gunnett and lived in his home. He was therefore familiar with the premises; (2) several months later the home was burglarized, the point of entry was the window screen in the bedroom that defendant has previously occupied; (3) several items of personal property and a brown Datsun were taken from the premises; (4) a highway patrolman stationed nine miles from the Gunnett home saw the defendant in the passenger seat of the stolen vehicle turn and face him. The car passed within thirty feet of the patrol car traveling at a speed of 20–25 miles per hour; and (5) Mr. Gunnett later identified the abandoned vehicle and property as having been taken from his home. The evidence was sufficient to sustain the finding of guilty.

■ Defendant next challenges the patrolman's testimony that he had a sufficient view of the defendant's face to later identify him from a photograph with the "physical facts rule." The physical facts rule states that the testimony of a witness, although not directly controverted, which is opposed to the unquestioned laws of nature that lie within the court's judicial knowledge or which is clearly in conflict with scientific principles as established by the laws of physics or mechanics, is of no probative value. *State v. Duncan,* 540 S.W.2d 130, 134 (Mo.App.1976). It applies only where a fact is established as being physically impossible as a matter of law, and has no application where the credibility of witnesses is involved. *State v. Davis,* 504 S.W.2d 221 at 223 (Mo.App.1973), citing *Anderson v. Orscheln Bros. Truck Lines, Inc.,* 393 S.W.2d 452, 460 (Mo.1965).

■ The credibility of the witnesses and the weight and value to be given their testimony are matters within the exclusive

province of the jury. *State v. Parton,* 637 S.W.2d 42, 43 (Mo.App.1982). Defendant does not contend that the patrolman was unable to view the defendant's face directly turned toward him as it passed at 20–25 miles per hour within thirty feet of him, he merely argues that the patrolman did not perceive the defendant for a sufficient amount of time to positively identify him. This argument addresses the credibility of the testimony which is a jury issue and not subject to review. The physical facts rule is inapplicable.

In his second point, defendant contends the trial court erred in refusing to disqualify the prosecuting attorney under § 56.110 RSMo 1978. The prosecutor had served as defense counsel for the defendant in a criminal proceeding ten years earlier, in the present proceedings the conviction from this trial was introduced to establish the defendant's status as a prior offender. Section 56.110 RSMo 1978 provides: "If the prosecuting attorney shall have been employed as counsel in any case where such employment is inconsistent with the duties of his office ... the court may appoint some other attorney."

A motion to disqualify is necessarily directed to the trial court's discretion. *State v. Newman,* 605 S.W.2d 781, 787 (Mo.1980). Here the prosecutor had represented the defendant more than ten years before on an unrelated charge. This use of the conviction from this prior proceeding, a matter of public record, as evidence of the defendant's prior offender status is clearly not inconsistent with his duty to his office as prosecutor. Furthermore, the defendant's bald assertion that this use of the conviction by the prosecutor "may have" violated his right to confidential and secret communication with his attorney is totally meritless. Since no statutory disqualification was present, the trial court properly denied appellant's request. *State v. Williams,* 643 S.W.2d 641, 642 (Mo.App. 1982).

CRIST and CRANDALL, JJ., concur.