Jeffrey L. SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00720–CR.

Court of Appeals of Texas,
Dallas.

March 11, 1986.

E.X. Martin, Dallas, for appellant.

Gary A. Moore, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, GUILLOT and STEWART, JJ.

STEWART, Justice.

Jeffrey L. Smith appeals his conviction for theft of personal property of the value of at least $200 but less than $750 for which the trial court assessed punishment at confinement in jail for ninety days probated for one year and a fine of $520 plus court costs. Smith contends that the evidence presented at trial is insufficient to support the conviction. We disagree. Consequently, we affirm.

Smith was convicted of theft from the men's department of a Sanger-Harris department store. Keith Fields, manager of the department, testified that the management had reason to believe a store employee was "under-ringing" merchandise. On January 12, 1985, they placed the employee in an isolated area and told him that they were shorthanded. The employee made a phone call, and thirty minutes later, Smith came into the store. Fields watched Smith select merchandise and bring it back to the stand where the employee was working. Fields further testified that he observed the employee under-ring seven items, and that five to six items that had not been rung up were placed in a merchandise bag. Smith paid for these items, valued at between $200 and $750, with approximately $23 in cash. Also testifying for the State was Rodney Cochran, the Security Supervisor for the Sanger-Harris store. He testified that he spoke with Smith in the security office, and asked him if he would like to make a written statement, and Smith replied "Why should I? You already got us." He further testified that in the security office, Smith and the employee were speaking to one another. Smith was convicted of the theft, hence this appeal.

In his only ground of error, Smith contends that the evidence was insufficient to prove that he took the items without the effective consent of the owner. V.T.C.A., Penal Code, Section 31.03, defines theft as follows:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation is unlawful if:

(1) it is without the owner's effective consent.

"Effective consent" is defined as including consent by a person legally authorized to act for the owner. TEX.PENAL CODE ANN. § 31.01(4) (Vernon 1974). Appellant argues that the employee was a special owner of the merchandise, and since the evidence offered by the prosecution showed that Smith took the merchandise with the

employee's consent, he could not be guilty of theft. We do not agree. Circumstantial evidence may be used to prove any element of an offense. *Ex parte Watson,* 606 S.W.2d 902 (Tex.Crim.App.1980). Specifically, lack of effective consent may be shown by circumstantial evidence. *Wells v. State,* 608 S.W.2d 200 (Tex.Crim.App. 1980). The present set of circumstances quite strongly connected Smith to the theft. The store management believed that the employee involved in this incident was under-ringing. The employee sold hundreds of dollars worth of clothes to Smith for about $23. Further, when asked to make a statement, Smith replied "Why bother? You already got us." This evidence can lead to but one rational conclusion: that Smith was a party to committing the theft, because he knew that the employee had no authority to sell the goods at the price he paid.

Smith relies on *Walker v. State,* 591 S.W.2d 493 (Tex.Crim.App.1979) to support his contention. However, there was no evidence in *Walker* that the defendant knew that the owner's agent had no authority to sell on credit. Here, Smith's reply to Cochran's question about making a statement indicates he was aware that the employee was not authorized to pass goods to him at approximately five percent of their retail price.

The judgment is affirmed.