**STATE of Missouri, Respondent,**

v.

**William Kelly CHOATE, Appellant.**

No. 14519.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 30, 1986.

Motion for Rehearing or Transfer
Denied Jan. 21, 1987.

James D. McNabb, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

William Kelly Choate ("defendant"), found guilty by a jury of the class C felony of burglary in the second degree, § 569.-170, RSMo 1978, was sentenced as a prior offender by the trial court, § 558.016.2, RSMo Cum.Supp. 1984, to 5 years' imprisonment. Defendant complains on appeal about alleged vindictiveness toward him by the prosecuting attorney and an assistant prosecuting attorney.

As the sufficiency of the evidence to support the verdict is undisputed, we need say only that the State presented compelling and uncontradicted evidence that defendant, between November 19 and 25, 1983, unlawfully and with intent to steal, entered an inhabitable structure while its owner was absent on a Thanksgiving trip.

The evidence pertinent to defendant's assignments of error, as best we can glean it from the record, shows that the burglary remained unsolved for more than a year, as the felony complaint accusing defendant of committing it was not filed until December 6, 1984. By then, defendant was in the penitentiary serving sentences imposed November 16, 1984. While the details as to the number and length of those sentences do not appear in the record, there is enough in the transcript to enable us to determine that there were at least two sentences of 7 years each, and that those sentences had been ordered to run consecutively. Defendant explained there were "other convictions," and "[t]hey run some of them concurrent."

In late January, 1985, Darrell Moore was appointed an assistant prosecuting attorney. At that time, explained Moore: "... I was given a stack of twelve to fifteen files and told to gradually work my way through them. Those included a couple of murder cases and other cases. At the bottom of that pile was Mr. Choate's case. Mr. Choate was in the Department of Corrections at the time serving a fourteen year sentence. There was no immediate urgency in prosecuting his case. I proceeded to try the other individuals that were here in the [Greene] County Jail...."

In June, 1985, defendant was "writted down" from the penitentiary to the Greene County jail for the purpose of testifying as a defense witness at the trial of one Shane Masterson on "six counts of burglary and stealing." Defendant testified in that case June 12, 1985, the gist of his testimony being that Masterson was not one of the three culprits involved in those crimes.

Moore, who represented the State in the Masterson trial, immediately filed a complaint accusing defendant of the class C felony of perjury. At that time, according to Moore, he had worked his case load "down to four or five cases," so he decided that inasmuch as defendant was available in Greene County, he (Moore) would ask that a preliminary hearing be set in the instant burglary case. Accordingly, defendant was arraigned on the instant charge June 13, 1985. Because of an alleged conflict on the part of the office of the public defender, there was some delay in securing counsel for defendant, but a preliminary hearing was ultimately held in the instant case August 1, 1985, and defendant was bound over for trial.

The perjury charge was also moving through the judicial process during that period, as an information was filed in that case August 8, 1985, and defendant entered a plea of not guilty the following day.

Trial of the instant case began the morning of September 10, 1985. Moore appeared for the State. Prior to voir dire, defendant filed a written motion stating, in pertinent part:

"... defendant ... moves the Court ... to disqualify the Prosecuting Attorney for Greene County, Missouri. In support of this motion, defendant alleges that the Prosecuting Attorney ... has filed previous charges which defendant did plead guilty to, and, the complaint herein was allowed to lay fallow until Defendant participated as a witness for the Defendant in State of Missouri vs. Shane Masterson, in the Circuit Court of Greene County.... That because of his testimony therein and for no other reason the Prosecuting Attorney ... vindictively pursued this charge and filed another charge of perjury. That the actions of the Prosecuting Attorney in this and other respects show that defendant is being denied due process of law, that defendant is being singled out for specially harsh treatment and is being denied fairness in the prosecution of this case."

While the veniremen waited outside the courtroom, the trial court conducted a hearing on the above motion. Defendant called Moore as defendant's only witness. In addition to what has already been reported, Moore testified he "wasn't pleased" with defendant's testimony at Masterson's trial, but Moore denied that his displeasure was the motivation for his bringing the instant case to trial. Moore conceded that the day before the instant trial began, he had "exercised a change of judge" in the perjury case. Then, this:

"[Defendant's counsel]: The reason you exercised a change of judge was to receive harsher punishment for Mr. Choate, isn't it?

....

[Moore]: I had—there are many reasons for filing it. I'm not going to answer the question.

...."

The Court: The objection will be sustained. Under the rules, you know, no reason need be stated."

Defendant's counsel thereupon offered to prove that if Moore answered the question, he would testify that his reason for the change of judge "was to receive harsher treatment for Mr. Choate."

The trial court refused the offer.

Under questioning by defendant's counsel, Moore acknowledged that the office of the Prosecuting Attorney of Greene County rarely asked for a change of judge, but added, "[T]here are specific cases were [sic] we feel if it would better serve the people of this County and the State of Missouri we do use it, yes, sir." Moore estimated he had prosecuted some 125 cases, and admitted he had never requested a change of judge prior to defendant's perjury case.

■ The trial court denied defendant's motion to disqualify the prosecuting attorney.

Defendant's first assignment of error states: "The trial court erred in overruling defendant's motion to disqualify the prosecuting attorney because the evidence on that motion showed that the assistant prosecuting attorney prosecuting this case used his office to vindictively prosecute defendant for defendant's participation in the defense of another charge which that assistant prosecuting attorney was prosecuting, and such action by that assistant prosecuting attorney deprived defendant of fundamental fairness and due process of law."

Defendant cites only one case in support of the above point, *State v. Nicholson,* 7 S.W.2d 375 (Mo.App.1928), an appeal from a conviction of unlawful possession of intoxicating liquor. There, the court said, "Whenever it appears to the trial court that the personal interest of the prosecuting attorney in any particular case, no matter how that interest may arise, is such as to indicate that he might be influenced thereby and might not be altogether fair to the defendant in the trial of the case, he should

be held disqualified and a special prosecutor appointed for that case." *Id.* at 378[8].

That statement, however, must be considered in light of the facts in *Nicholson.* There, the prosecuting attorney went with the sheriff to serve the search warrant when the liquor was seized, the prosecuting attorney testified at trial as a witness for the State as to matters learned by him while the search was being made, and he frequently violated the rules of procedure in cross-examination of the accused and in closing argument, notwithstanding the efforts of the trial court to keep him within proper bounds. *Id.* at 379[15]. The court held that such conduct demonstrated a personal interest so great that the conviction could not stand.

Nothing comparable to *Nicholson* occurred here. Moore, who prosecuted the Masterson case and was presumably familiar with the evidence at that trial, filed the perjury complaint against defendant after hearing defendant's testimony at that trial. Moore, perhaps better than anyone else, was able to decide whether, upon information and belief, Rule 22.02(e),[1] defendant had committed perjury.

A prosecutor does not manifest a personal interest or bias in filing a perjury charge against a witness who, during a trial in which such prosecutor is representing the State, gives testimony which the prosecutor determines, in good faith, to be perjurious, and we know of no rule barring such prosecutor from prosecuting other unrelated criminal charges then pending against such witness. A prosecuting attorney is charged by § 56.060, RSMo 1978, with commencing and prosecuting all criminal actions in his county, and it would be absurd to hold that a prosecutor who tries a case during which a witness gives ostensibly perjurious testimony is disqualified from prosecuting the witness for other crimes simply because the prosecutor files a perjury charge against such witness.

Section 56.110, RSMo 1978, is the statute authorizing appointment of a special prosecutor in a criminal case. It states:

"If the prosecuting attorney and assistant prosecuting attorney be interested or shall have been employed as counsel in any case where such employment is inconsistent with the duties of his office, or shall be related to the defendant in any criminal prosecution, either by blood or by marriage, the court having criminal jurisdiction may appoint some other attorney to prosecute ... the cause."

It is obvious that the only possible basis under the above statute for disqualifying the Prosecuting Attorney of Greene County and assistant prosecutor Moore in the instant case was that they were "interested." In that regard, the following cases are instructive.

In *State v. Newman,* 605 S.W.2d 781 (Mo.1980), the accused was convicted of murder in the first degree. The prosecutor had been a pallbearer at the victim's funeral, the prosecutor and his law firm had represented the victim personally and in his business activity for some 8 years before the murder, at time of trial the prosecutor was representing the victim's widow in an estate matter, the prosecutor had visited socially in the victim's home and had hunted with the victim, and the prosecutor had gone to the victim's home the night of the murder and had also gone to the jail. The prosecutor participated in the trial, along with an assistant. The trial court found the prosecutor had conducted his role in a fair manner. The appellate court found no error in the trial court's denial of the accused's day-of-trial motion to disqualify the prosecutor. *Id.* at 787–88[6 and 7].

In *Garton v. State,* 454 S.W.2d 522 (Mo. 1970), the accused was convicted of armed robbery of a bank. The prosecuting attorney was alleged to be counsel for the bank, a depositor therein, and a personal friend and political ally of the bank's executive vice-president. There was no evidence as to how this prejudiced the accused. Denial of post-conviction relief was affirmed.

---

**1.** Rule references are to Missouri Rules of Criminal Procedure (16th ed. 1985).

In *State v. McIntosh*, 333 S.W.2d 51 (Mo. 1960), a conviction of unlawful sale of narcotics, the prosecuting attorney cooperated with law enforcement officers in designing the plan to catch the accused in unlawfully selling narcotics, gave the officers legal advice they needed in obtaining an arrest warrant and a search warrant, and accompanied the officers when they arrested the accused and conducted the search. There was no evidence that the prosecuting attorney had expressed any personal, rather than official, interest in the case. The trial court's denial of the accused's motion to disqualify the prosecuting attorney was upheld on appeal. *Id.* at 56–59.

Measured against *Newman, Garton* and *McIntosh*, it is evident that the conduct of assistant prosecutor Moore in the instant case supplied no basis to disqualify him or the Prosecuting Attorney of Greene County. There is no contention that Moore, at the time he filed the perjury complaint against defendant, lacked information and belief that defendant had committed perjury at Masterson's trial, nor is there any allegation that Moore, in the trial of the instant case, engaged in any prosecutorial misconduct. Indeed, the record clearly demonstrates otherwise.

■ The fact that Moore exercised the right of the State to a change of judge in the perjury case, Rule 32.07(a), does not establish that he or the Prosecuting Attorney of Greene County were interested in the instant case within the meaning of § 56.110, *supra*. A holding that a prosecutor who applies for a change of judge thereby becomes subject to disqualification for interest under § 56.110 would effectively destroy the State's unqualified right to a change of judge conferred by Rule 32.07(a).

■ A motion under § 56.110 to disqualify a prosecuting attorney on the basis that he has a personal interest in the outcome of a case is necessarily directed to the trial court's discretion. *Newman*, 605 S.W.2d at 787[7]; *State v. Puckett*, 691 S.W.2d 491, 494[7] (Mo.App.1985). The trial court did not abuse its discretion in denying such motion in the instant case. Defendant's first point is meritless.

His second (and final) assignment of error states: "The court erred ... in ruling that ... the assistant prosecuting attorney need not disclose his reasons for seeking a change of judge in another pending cause against defendant when such evidence was relevant to show the especially harsh treatment defendant was receiving by this assistant prosecuting attorney in connection with defendant's motion to disqualify the prosecuting attorney."

■ In support of this point, defendant argues that if Moore had been compelled to divulge his reason for the change of judge, Moore's answer would have demonstrated that the purpose was "to obtain a more harsh sentence from another judge in [the perjury] case."

Rule 32.07(a) provides, in pertinent part:

"A change of judge shall be ordered upon the filing of a written application therefor by any party. The applicant need not allege or prove any reason for such change."

The intent of the above rule would be circumvented were we to hold that a prosecutor who applies for a change of judge can be compelled to disclose his reason therefor by an accused who employs the simple expedient of moving to disqualify the prosecutor for interest under § 56.110. Moreover, we know of no principle that disqualifies a prosecutor under § 56.110 merely because he chooses not to try a particular case before a particular judge. A prosecutor may conclude, in the discharge of his official duties, that the interests of the State are better served in a particular case by prosecuting it before a different judge, and in following that strategy a prosecutor displays only an official, not a personal, interest in such case.

The trial court did not err in ruling that Moore need not explain why he applied for a change of judge in the perjury case. Defendant's second point is denied, and the judgment is affirmed.

GREENE, P.J., and PREWITT, J., concur.

TITUS, J., not participating.