STATE of Missouri ex rel. James
CLARK, Ronald McCoy, Charles
Smith and Luane Miller, Relators,

v.

The Honorable James J. GALLAGHER,
Presiding Judge, Division 1, Circuit
Court of the City of St. Louis, Missouri,
Respondent.

No. 72606.

Supreme Court of Missouri,
En Banc.

Dec. 18, 1990.

Rehearing Denied Jan. 9, 1991.

Mark I. McCloskey, Jeanne L. Sathre, St. Louis, for relators.

Thomas F. Eagleton, Michael D. O'Keefe, James W. Erwin, William D. Hakes, St. Louis, for respondent.

COVINGTON, Justice.

Relators seek to prohibit respondent from dismissing four actions brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, against Illinois Central Railroad Company in the Circuit Court of the City of St. Louis. Relators separately brought suits in 1988 and 1989 against Illinois Central. All alleged hear-

ing loss, and three alleged tinnitus, as a result of having been subjected to loud and excessive noise. Relators' petitions further alleged that the injuries resulted in whole or in part from Illinois Central's negligence. On the motion of Illinois Central, the court dismissed the actions without prejudice for improper venue.[1] Relator Miller appealed. The court of appeals sustained Illinois Central's motion to dismiss the appeal because an order of dismissal for improper venue is not a final, appealable order. *See Miller v. Illinois Central R.R. Co.*, 782 S.W.2d 138 (Mo.App.1989). Relators then sought to prohibit respondent from dismissing the actions. Their petition for writ of prohibition was denied by the Missouri Court of Appeals, Eastern District. This Court issued a preliminary rule in prohibition. A court may exercise its discretion to issue and determine an original remedial writ when questions of significance fail otherwise to obtain judicial review. *See State ex rel. Noranda Aluminum, Inc. v. Rains*, 706 S.W.2d 861 (Mo. banc 1986). The preliminary rule as it relates to relator Clark is quashed. The preliminary rule as to relators McCoy, Smith, and Miller is made absolute.

▆ The legislature exercises the power of determining the venue of transitory actions. While the principle of convenience embodied in the venue statute is guided by consideration of convenience to all litigants, the plaintiff has generally been permitted some latitude in choice of forum, both at common law and under various statutes. *See generally Coleman v. Lucksinger*, 224 Mo. 1, 123 S.W. 441, 442–44 (1909). The Missouri corporate venue statute, § 508.040, RSMo 1986, provides:

Suits against corporations shall be commenced either in the county where the cause of action accrued, or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this state, then in either of such counties, or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

Although Illinois Central owned tracks and operated trains in Missouri prior to 1987, and still owns 14.28 percent of the stock in the St. Louis Terminal Railroad Association operating in the City of St. Louis, Illinois Central did not own, control or operate any railroad tracks, lines or facilities that constituted a railroad within the City of St. Louis or the State of Missouri on the dates of the filings of relators' petitions. Nor did Illinois Central at relevant times maintain an office or agent for the transaction of its usual and customary business in the City of St. Louis or the State of Missouri. Consequently, relators may establish venue in Missouri, if at all, only in the situs where the cause of action accrued.

The issue is whether a cause of action can accrue in a county where only part of an injury is caused. Had the injury resulted from a trauma, such as an accident, the question would not arise. Relators allege, however, that they sustained occupational injuries after years of exposure to loud and excessive noise on the railroad in numerous locations. They assert that, in the context of an occupational injury or disease, the statute must be construed to permit venue to lie in each county where the plaintiff has been exposed, even if the action has accrued there only in part. To hold otherwise, relators contend, potentially deprives a class of plaintiffs of any available forum.

Respondent does not directly meet relators' contentions. Respondent instead urges adoption of a standard placing venue at the place where damages are sustained and capable of being ascertained. Respondent points to *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), where the United States Supreme Court addressed the accrual of a cause of action for an occupational disease under FELA for purposes of applying the FELA statute

---

1. Under the present law, when a trial court finds venue to be improper, the case must be transferred to a circuit where venue is proper, rather than dismissed. § 476.410, RSMo Supp. 1990; *Highway and Transp. Comm'n v. Hedspeth*, 788 S.W.2d 342, 344 (Mo.App.1990).

of limitations. The plaintiff contracted silicosis through repeated inhalation of silicate dust while employed with the railroad. The Court found that the cause of action resulting from the plaintiff's injury was "the product of a period of time rather than a point of time." *Urie*, 337 U.S. at 170, 69 S.Ct. at 1025. The Court found the traditional purposes of statutes of limitations unreconcilable with the consequences inherent in rigid application of the limitation to one who suffers an occupational injury. *Id.* at 170, 69 S.Ct. at 1024–25. As a consequence, the Court refused to charge Urie with the "unknown and inherently unknowable even in retrospect" and held that his claim did not accrue until the injury manifested itself. *Id.* at 169–70, 69 S.Ct. at 1024–25.

Respondent also relies on *Elmore v. Owens–Illinois, Inc.*, 673 S.W.2d 434 (Mo. banc 1984). In *Elmore*, the plaintiff was exposed to asbestos dust over a lengthy period of time and contracted asbestosis. Elmore was a Kansas resident who had received the majority of his exposure to asbestos in Missouri. He suffered from shortness of breath as early as 1973 and was diagnosed as having asbestosis in 1976. The suit was filed in 1979. Owens–Illinois argued that Elmore's cause of action originated in Kansas and that it was barred by the Kansas two-year statute of limitations which should have been applied in accordance with the Missouri "borrowing" statute, § 516.190, RSMo 1986. Alternatively, Owens–Illinois argued that Elmore's claim accrued when Elmore learned of his shortness of breath in 1973 and was thus barred by Missouri's five-year statute of limitations. This Court rejected both contentions and equated the term "originated" in § 516.190, with "accrued," stating that a "cause of action accrues when and originates where damages are sustained and capable of ascertainment." *Elmore*, 673 S.W.2d at 436. As to the time of accrual, this Court held that Elmore's cause of action accrued when the character of the condition (asbestosis) and its cause (breathing asbestos dust) first "came together" for the plaintiff. *Id.*

■ Insofar as *Urie* recognizes the special nature of occupational disease or injury and refuses a rigid application of the statute of limitations which would otherwise defeat the "humane" purpose of the FELA, *Urie*, 337 U.S. at 170, 69 S.Ct. at 1024–25, the case does not support respondent's position. *Elmore* is distinguishable because it did not involve a question of venue. *Elmore* involved a question of limitation of actions, the underlying policy of which is to prevent the bringing of stale claims. The requirements of venue, on the other hand, are grounded in convenience to litigants. *State ex rel. Antoine v. Sanders*, 724 S.W.2d 502, 503 (Mo. banc 1987). Venue relates only to the place where or territory within which either party may require a case to be tried.

■ The question of the meaning of accrual of a cause of action for purposes of establishing venue under § 508.040 for an occupational injury or disease is thus one of first impression in Missouri. There is no clear authority from other jurisdictions. When interpreting statutes, courts should give words their plain and ordinary meaning whenever possible. § 1.190, RSMo 1986; *State ex rel. Md. Heights, etc. v. Campbell*, 736 S.W.2d 383, 387 (Mo. banc 1987). It falls to courts further to construe language only when its meaning is ambiguous or would lead to an illogical result defeating the purpose of the legislature. *Campbell*, 736 S.W.2d at 387.

The meaning of "accrue" is not plain in the context of this case. Outside of the statute of limitations context, the word "accrued" is defined as: "... matured; occurred; received; vested; was created; was incurred." *Black's Law Dictionary* 20 (6th ed. 1990). It is apparent that "accrue" is subject to numerous interpretations, not only in the context of the point in time of accrual, but also in the context of the particular county or geographic area in which a court with jurisdiction may hear and determine a case. The definitions or synonyms listed in *Black's* are likewise ambiguous in the context of occupational injury or disease.

Given the ambiguity of the language, it is not inappropriate to impose upon the word "accrued" in the corporate venue statute a broader interpretation in the case of one who suffers an occupational injury or disease, rather than a single traumatic event. Admittedly, the cause of action allegedly accrued in the City of St. Louis only in part. Nevertheless, to hold in the present case that a cause of action for an occupational injury can accrue only where all of the injury was sustained would severely limit, if not completely abolish in many instances, the injured employee's right to bring suit. This Court holds, therefore, that in actions involving occupational injuries inflicted over a period of time and in a number of places, venue is proper under § 508.040 in any county in which the injury or disease or some part thereof occurred.

It is necessary finally to examine the record as to each relator to determine the sufficiency of each of the petitions and supporting affidavits. Each of the relators' petitions alleged: "The defendant is now and was at all times herein mentioned a corporation duly organized and existing according to law engaged in business as a common carrier by railroad in interstate commerce and does business within this Court's geographical jurisdiction." Illinois Central, by affidavit of E. Hunter Harrison, vice-president and chief transportation officer, stated that Illinois Central currently owned no tracks, operated no trains, and had no offices or agents anywhere in the State of Missouri. Illinois Central's motions to dismiss alleged that plaintiffs' petitions failed to allege that plaintiffs' injuries accrued in the City of St. Louis and failed to allege any connection between plaintiffs and the City of St. Louis.

Three relators filed counter-affidavits. The affidavits of Ronald McCoy and Charles Smith stated that plaintiff had, in the course of his employment, performed duties for Illinois Central in and through the City of St. Louis. The affidavit of Luane Miller stated that Miller had been exposed to excessive sound levels within the City of St. Louis, as an employee aboard trains owned and/or operated by Illinois Central. The petitions and supporting counter-affidavits of relators McCoy, Smith, and Miller are sufficient to allege that a part of their injuries accrued in the City of St. Louis.

Relator Clark filed no counter-affidavit; he failed to show that he performed duties in and through the City of St. Louis. The sole alleged basis for venue in his case, that defendant engaged in business within the court's geographical jurisdiction, was refuted by Illinois Central's affidavit through Harrison. "A party attacking venue has the burden of persuasion and proof, if proof is necessary." *Cuba's United Ready Mix v. Bock Concrete*, 785 S.W.2d 649, 650 (Mo.App.1990). Illinois Central has met its burden with regard to relator Clark. The preliminary rule in prohibition as it relates to Clark is quashed.

As to relators McCoy, Smith, and Miller, the preliminary rule in prohibition is made absolute.

All concur.