**STATE of Missouri ex rel. DOUGLAS TOYOTA III, INC., Respondent,**

v.

**The Honorable Bob KEETER, Judge of the Circuit Court of Greene County, Missouri, Division 21, Appellant.**

**No. 73032.**

Supreme Court of Missouri, En Banc.

March 5, 1991.

Carson W. Elliff, Springfield, for appellant.

Thomas Y. Auner, Jerry M. Kirksey, Springfield, for respondent.

COVINGTON, Judge.

This is an appeal from an order making permanent a preliminary order in prohibition against the Honorable Bob Keeter. The order is reversed and the cause remanded with directions to quash the preliminary order.

The procedural history of this case is unusual. On May 4, 1989, Douglas Toyota III, Inc., filed a petition in replevin in the Circuit Court of Greene County seeking possession of a Honda automobile. The petition named as defendants Trisha Williams and Bobby R. Daniels, Jr. The case was originally assigned to the Honorable Dan Conklin. Judge Conklin disqualified himself and the suit was assigned by the presiding judge to the Honorable Bob J. Keeter, of "Associate Division 21."

Judge Keeter issued an "Order of Immediate Delivery and Notice to Defendant of Right to Hearing," after which Douglas obtained possession of the vehicle. Two weeks later Judge Keeter, at the request of the defendants per *Rule 99.09*, conducted a hearing to determine the rights of Douglas to the vehicle pending trial on the merits. Following the hearing Judge Keeter found that Douglas was not entitled to possession and the defendants were returned to possession of the car.

The following day Douglas filed a petition for writ of prohibition praying for a preliminary writ barring Judge Keeter from granting the defendants' requests for

possession of the Honda and for an order staying the proceedings until the action was finally determined. This case was assigned to Division 4 of the circuit court. The Honorable Thomas K. McGuire, Jr., of that division issued a preliminary order in prohibition and, after a hearing, ruled that the preliminary order be made absolute.

Judge Keeter, joined by the defendants, commenced an original proceeding in prohibition in the Missouri Court of Appeals, Southern District, seeking to bar Judge McGuire from enforcing the writ of prohibition against Judge Keeter. The court of appeals issued a preliminary order in prohibition but ultimately determined that Judge McGuire's order was reviewable by appeal and quashed the preliminary order. Judge Keeter then brought the instant appeal from Judge McGuire's order.

This Court transferred the case to review the court of appeals' holding that "a circuit judge of a circuit court has no authority to issue a remedial writ to an associate circuit judge of that court." After briefing and argument, however, this Court finds it unnecessary to address the issue.

■■■ There is no basis upon which to have issued the preliminary order in prohibition. The writ of prohibition, an extraordinary remedy, is to be used with great caution and forbearance and only in cases of extreme necessity. *Derfelt v. Yocom*, 692 S.W.2d 300, 301 (Mo. banc 1985). The essential function of prohibition is to correct or prevent inferior courts and agencies from acting without or in excess of their jurisdiction. *State ex rel. McDonnell Douglas Corp. v. Gaertner*, 601 S.W.2d 295, 296 (Mo.App.1980). Prohibition cannot be used as a substitute for an appeal or to undo erroneous judicial proceedings that have already been accomplished. *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62, 67 (banc 1956). One court should not substitute its judgment or discretion for that of another court properly vested with jurisdiction and exercising its discretion within the legitimate boundaries of that jurisdiction. Prohibition is not generally intended as a substitute for correction of alleged or anticipated judicial errors and it cannot be used to adjudicate grievances that may be adequately redressed in the ordinary course of judicial proceedings. *Knisley v. State*, 448 S.W.2d 890, 892 (Mo. 1970).

Judge Keeter was within his authority to conduct a hearing to determine the respective rights of the parties and to enter an order making that determination. There was no excess of jurisdiction and, as a consequence, no basis upon which to have issued the preliminary order in prohibition.

■ Douglas notes that this Court has upon occasion condoned the use of prohibition to review nonjurisdictional trial court errors. To depart from the usual application of prohibition, however, requires a "peculiarly limited situation[ ]" where some "absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available to respond to a trial court's order." *State ex rel. Richardson v. Randall*, 660 S.W.2d 699, 701 (Mo. banc 1983). A court may exercise its discretion to issue and determine an original remedial writ when questions of significance fail otherwise to obtain judicial review. *State ex rel. Clark v. Gallagher*, 801 S.W.2d 341, 342 (Mo. banc 1990).

■ The circumstances of this case do not justify use of an extraordinary writ. Douglas's petition stated that it would be irreparably harmed in that the defendants did not have title and could not insure the vehicle, thus the vehicle would be subject to uninsurable risk while outside Douglas's control. Its suggestions in support of a petition for writ of prohibition add the claims that defendants may sell the vehicle and that the vehicle will lose value while in defendants' possession. In view of the pending trial on the issue of possession and the availability of money damages, these allegations do not present circumstances warranting issuance of an extraordinary writ.

The order of the Circuit Court of Greene County purporting to make permanent the preliminary order in prohibition against Judge Keeter is reversed and the cause

remanded with directions to quash the preliminary order.

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS, HOLSTEIN, JJ., and ULRICH, Special Judge, concur.

BILLINGS, J., not sitting.