

## Missouri Court of Appeals
### Southern District
### Division Two

STATE OF MISSOURI EX REL. )
DAN PATTERSON, )
       )
             Relator, )
       ) No. SD37113
    vs. ) FILED: July 23, 2021
       )
THE HONORABLE CHARLES D. CURLESS, )
       )
             Respondent. )

### PERMANENT WRIT

Greene County Prosecuting Attorney, Dan Patterson ("Relator"), seeks a writ of prohibition against the Honorable Charles Curless ("Respondent") from enforcing his order disqualifying Relator and the entire Greene County Prosecuting Attorney's Office ("the PAO") in the prosecution of the underlying criminal case, Greene County Circuit Court case 1931-CR04768-01, against the defendant, Aaron Klusmeyer. In a single point, Relator contends that he is entitled to a writ of prohibition because the record contains "no evidence" supporting Respondent's order disqualifying the Relator and the PAO. Concluding that Relator's contention has merit, we issue a permanent writ of prohibition.

Klusmeyer filed an *unverified* motion containing various conflict of interest allegations against Relator and several of the assistant prosecuting attorneys from the PAO. These alleged

1

conflicts of interest, according to Klusmeyer, warranted the disqualification of Relator and the PAO from the underlying case and the appointment of a special prosecutor.

The transcript of the trial court's hearing on Klusmeyer's motion reveals that no facts were stipulated by the parties, no testimony was proffered, and, while one exhibit was introduced and marked (by the PAO as part of its argument in opposition to the motion), neither that exhibit nor any other exhibit was offered or received into evidence. Following only attorney *argument*, Respondent issued his ruling and order on April 6, 2021, in which, "out of an abundance of caution[,]" he granted Klusmeyer's motion. Thereafter, Relator petitioned this Court for a writ prohibiting Respondent from disqualifying Relator and the PAO and we issued a Preliminary Writ of Prohibition.

As observed by our supreme court:

"The writ of prohibition, an extraordinary remedy, is to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991). "The essential function of prohibition is to correct or prevent inferior courts and agencies from acting without or in excess of their [authority or] jurisdiction." *Id.* As a result, departure "from the usual application of prohibition ... requires a peculiarly limited situation where some absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available to respond to a trial court's order." *Id.* at 752 (quotation marks and alteration omitted).

*State ex rel. Peters-Baker v. Round*, 561 S.W.3d 380, 384 (Mo. banc 2018) (alteration in original).

In the context of prosecutorial disqualification, "[d]ue to the irreparable harm caused when an entire prosecuting attorney's office is disqualified, a circuit court *should not do so* absent a finding of an actual conflict of interest that must be imputed to the entire office under either the Rules of Professional Conduct or the appearance of impropriety test." *Id.* at 388 (citing *State v. Lemasters*, 456 S.W.3d 416, 422-23 (Mo. banc 2015)) (emphasis added); *see also*

2

section 56.110.[1]  "[W]hen this issue is considered on appeal, the 'trial court's ruling on a motion to disqualify is reviewed for abuse of discretion.'"  *Id.* (quoting ***Lemasters***, 456 S.W.3d at 420). As a fundamental principle, however, any exercise of the trial court's discretion to disqualify a prosecutor must be based upon evidence before it concerning that disqualification.  *See **State v. Williams***, 643 S.W.2d 641, 642 (Mo.App. 1982) (holding that the trial court properly denied defendant's motion to disqualify prosecuting attorney where there was no allegation in the motion *nor any evidence before the court* that any statutory disqualification was present).

In his sole point, Relator contends as follows:

> Relator is entitled to an order prohibiting Respondent, the Honorable Charles D. Curless, from disqualifying Relator in the prosecution of *State v. Aaron Klusmeyer*, case number 1931-CR04768-01, because in doing so Respondent acted in excess of his jurisdiction and authority, abused his discretion, and caused irreparable harm, in that there is no evidence of any conflict or statutory ground disqualifying Relator.

We agree.

Klusmeyer's conflict-of-interest assertions were presented to Respondent in the following forms *only*:  (1) unverified motion allegations and (2) in-court argument by Klusmeyer's counsel. Allegations in a motion, however, are not self-proving.  ***State v. Banks***, 457 S.W.3d 898, 902 (Mo.App. 2015).  Similarly, "[a] bare assertion by defense counsel does not prove itself and is not evidence of the facts presented."  ***State v. Smith***, 996 S.W.2d 518, 523 (Mo.App. 1999). Accordingly, there was no evidence before Respondent supporting any of the allegations in Klusmeyer's motion.  In that context, Respondent abused his discretion in granting the motion and a writ of prohibition is an appropriate remedy.[2]  *See **Round***, 561 S.W.3d at 388-89. Relator's point is granted.

---

[1] All statutory references are to RSMo (2016).

[2] The complete lack of evidence before the trial court also necessarily precludes this court's consideration of the merits of any alleged claim for disqualification of Relator or the PAO.

We hereby issue our permanent writ directing Respondent to vacate his April 6, 2021 order disqualifying Relator and the PAO in Greene County Circuit Court case 1931-CR04768-01 and prohibiting Respondent from taking any action to enforce that vacated order in any manner.[3]

GARY W. LYNCH, C.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

DON E. BURRELL, J. – CONCURS

---

[3] To the extent our May 25, 2021 Preliminary Writ of Prohibition prohibits Respondent from taking any other action in Greene County Circuit Court case 1931-CR04768-01, it is hereby quashed.