

# In the Missouri Court of Appeals
## Eastern District

### WRIT DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI EX REL. MELISSA HOGG, | ) ) ) | No. ED111910 |
| Relator, | ) ) ) | Appeal from the Circuit Court of St. Francois County |
| vs | ) ) | Cause No. 22SF-CC00023 |
| THE HONORABLE WENDY WEXLER HORN, JUDGE OF THE TWENTY FOURTH JUDICIAL CIRUCIT IN THE COUNTY OF, ST. FRANCOIS, DIV 1, | ) ) ) ) ) | Honorable Wendy Wexler Horn |
| Respondent. | ) | Filed: September 19, 2023 |

Melissa Hogg ("Relator") seeks a writ of prohibition, ordering the Honorable Wendy Wexler Horn ("Respondent") to dismiss her order joining Relator's mother ("Mother") as another defendant in the underlying case against Charles Haynes. Because Rule 52.04(a) does not support the joinder of Mother as a necessary party, the circuit court's ruling sustaining Haynes's motion for joinder constituted an abuse of discretion. This Court makes permanent its preliminary order in prohibition.

**Background**

Haynes pleaded guilty to deviant child sodomy against Relator. The circuit court sentenced him to a seven-year term of imprisonment. Relator then sued Haynes, seeking damages for the abuse and harassment she suffered prior to Haynes's incarceration. Relator filed a motion for partial summary judgment, which the circuit court sustained. The case was then set for trial on the remaining count in the petition and to determine damages. Before trial, Haynes filed a motion for leave to join Mother as a necessary and indispensable third party under Rule 52.04(a), claiming his actions toward Relator were committed at Mother's direction and Mother was jointly responsible for any damages owed to Relator. Respondent sustained Haynes's motion to join Mother as a third party.

Relator filed a petition for a writ of prohibition or, in the alternative, writ of mandamus in this Court, seeking Mother's removal as a defendant. This Court issued a preliminary writ of prohibition, directing Respondent to file an answer to Relator's petition and to refrain from all action other than vacating the order allowing joinder of an indispensable party under Rule 52.04 and considering any motion to add a third-party defendant under Rule 52.11. Respondent did not file an answer.

**Standard of Review**

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4.1. Prohibition is an extraordinary remedy this Court issues with "great caution and forbearance and only in cases of extreme necessity." *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 355 (Mo. banc 2021) (quoting *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991)). A writ of prohibition is discretionary. *State ex rel. Dep't of Health & Senior Servs. v. Slusher*, 638 S.W.3d 496, 498 (Mo. banc 2022). A writ of prohibition will lie only where

necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party. *State ex el. Becker v. Wood*, 611 S.W.3d 510, 513 (Mo. banc 2020). "A writ of prohibition is appropriate when a party joined pursuant to Rule 52.04 is not needed for just adjudication." *State ex rel. Woodco, Inc. v. Phillips*, 603 S.W.3d 873, 876 n.1 (Mo. banc 2020).

## Analysis

Before addressing the merits of this Petition, this Court addresses Respondent's failure to file an answer to the preliminary order in prohibition. In the preliminary order, this Court directed Respondent to file an answer and suggestions in opposition to the petition for prohibition on or before September 1, 2023. This Court stated that failure to comply with this directive would result in a default judgment against Respondent. Nevertheless, Respondent did not file an answer. Accordingly, Respondent is in default. This Court could enter judgment making permanent the preliminary order in prohibition on this basis alone, *State ex rel. Taylor v. Banas*, 563 S.W.3d 191 (Mo. App. 2018), but will exercise its discretion to address the merits of the writ petition.

Relator claims the circuit court improperly joined Mother as a defendant because she was not a necessary party. The joinder of necessary parties is governed by Rule 52.04. Under Rule 52.04(a), "a person may be considered a necessary party if (1) in the person's absence complete relief cannot be afforded or (2) the person claims an interest in the subject matter, and disposition of the matter in the person's absence may impede the protection of that interest or subject the person to multiple or inconsistent obligations." *Edmunds v. Sigma Chapter of Alpha Kappa*, 87 S.W.3d 21, 27 (Mo. App. 2002). If a non-party is determined to be a necessary party, then the

3

Court must determine whether that party is an "indispensable party" according to the factors set forth in Rule 52.04(b). *Id.*

Neither condition of Rule 52.04 was met. First, Mother's presence in the underlying suit was not necessary to provide complete relief. In a case alleging joint tortfeasors, a plaintiff "may sue all or any of the joint or concurrent tort-feasors and obtain a judgment against all or any of them." *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 440 (Mo. banc 2002) (quoting *Berry v. Kansas City Pub. Serv. Co.,* 343 Mo. 474, 121 S.W.2d 825, 833 (1938)); *see also Woodco*, 603 S.W.3d at 876. A defendant cannot compel a plaintiff to continue an action against another party nor may a defendant complain that other joint-tortfeasors have not been joined in the action. *Wagner v. Bondex Int'l, Inc.*, 368 S.W.3d 340, 359 (Mo. App. 2012); *Stith v. J.J. Newberry Co.*, 79 S.W.2d 447, 462 (Mo. 1934). Even assuming Haynes's allegations of Mother's conduct are true, Mother's presence in this lawsuit is not necessary to the determination of Relator's asserted tort claims against Haynes. *See Woodco*, 603 S.W.3d at 877.

Second, Mother claims no interest in the litigation and her absence from the suit would not result in multiple or inconsistent obligations. Rather, Haynes argues that Mother should be added to the suit so that her responsibility for Haynes's admitted actions can also be determined in this proceeding. Rule 52.04 is not the appropriate mechanism for joinder on this basis. "A contrary position would violate the long-held rule that a plaintiff need not sue all joint tortfeasors." *Id.*

**Conclusion**

Because Rule 52.04(a) does not require Mother to be joined as a necessary party, Respondent abused her discretion in sustaining Haynes's motion for joinder. Respondent did not

have the authority to require joinder. This Court makes permanent its preliminary writ of prohibition.

John P. Torbitzky, P. J.

Kelly C. Broniec, C. J., and
Lisa P. Page, J., concur.