**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Plaintiff–Appellant,**

v.

**Darrell and Donna CRITES, and Richard
and Julie Spiegel, Defendants–
Respondents.**

**No. 22110.**

Missouri Court of Appeals,
Southern District,
Division One.

June 23, 1998.

Motion for Rehearing and Transfer to
Supreme Court Denied July 15, 1998.

Application for Transfer Denied
Aug. 25, 1998.

---

Craig E. Smith, Daniel, Clampett, Powell & Cunningham, Springfield, for Plaintiff–Appellant.

Norton Y. Beilenson, Kenneth B. Newman, Susman, Schermer, Rimmel & Shifrin, L.L.C., St. Louis, for Defendants–Respondents Spiegel.

Joseph A. Bohrer, Yates, Mauck, Bohrer, Elliff, Croessmann & Wieland, P.C., Springfield, for Defendants–Respondents Crites.

PREWITT, Judge.

A child of Defendants Spiegel died while in the care of Defendant Donna Crites. The issue is whether a homeowners' insurance policy issued by Plaintiff provided liability coverage to Defendants Crites. The trial judge entered summary judgment against Plaintiff, determining that Plaintiff's homeowners' policy affords coverage for the occurrence alleged to have occurred on March 30, 1995, resulting in Levi Spiegel's death. Plaintiff appeals.

Reviewing summary judgment on appeal is an issue of law, reviewed *de novo* on the record. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). The question here turns on the meaning or interpretation of language in Plaintiff's insurance contract. Language contained in an insurance policy, if not ambiguous, is given its plain meaning. *Boatmen's First Nat'l Bank of Kansas City v. Hawkeye–Security Ins. Co.*, 861 S.W.2d 600, 602 (Mo.App.1993). If language is ambiguous, it is construed against the insurer. *Id.* In determining if a contract is ambiguous, this Court considers the entire document. *Edgewater Health Care, Inc. v. Health Sys. Mgmt., Inc.*, 752 S.W.2d 860, 865 (Mo.App.1988).

"Ambiguity occurs when the language of an insurance policy reasonably and fairly is open to different constructions." *Polston v. Aetna Life Ins. Co.*, 932 S.W.2d 786, 788 (Mo.App.1996). Language in a policy limiting coverage is strictly construed against the insurer. *Buck v. American Family Mut. Ins. Co.*, 921 S.W.2d 96, 98 (Mo.App.1996).

The policy excludes occurrences arising out of "business pursuits." "Business" is defined as meaning:

> [A]ny profit motivated full or part-time employment, trade, profession or occupation and including the use of any part of any premises for such purposes. This includes child day care services provided in your home for three days or more in any month to a person or persons, other than insureds and relatives, for which an insured receives some monetary or other compensation for such services.

The parties have narrowed the issues. Plaintiff agrees that in caring for children Mrs. Crites was not "profit motivated." The Crites agree that they received some monetary or other compensation for the care. The determinative issue is whether the second sentence in the definition of "business" includes the provisions of the first. In other words, does "this" refer to "business," or to "profit motivated" activities. Had the second sentence been an additional definition of business apart from the first, then "business" could have been separately set forth, as was the situation in *Maryland Cas. Co. v. Hayes,*

827 S.W.2d 275, 276 (Mo.App.1992), and *Union Mut. Ins. Co. v. Brown*, 809 S.W.2d 144, 145 (Mo.App.1991), cited by Plaintiff. The identical language from the policies in issue there are set forth marginally.[1]

By using "this," it likely refers to more than one word, otherwise the sentence could have started with "business." We conclude that this language is, at best, ambiguous as to whether child day care services must be "profit motivated" in order to be excluded. If so, then construing the policy against the Plaintiff, there is coverage. We do not believe that this result is changed because the policy also provided that additional "protection" may be bought covering child care services regularly provided by an insured. That would appear to provide coverage for child care, whether or not it is profit motivated, but, as the care here was not profit motivated, additional coverage was not required. Reading the policy, one could reasonably conclude that this situation is covered and additional coverage did not have to be purchased to provide the "protection" Plaintiff was selling.

The cases relied on by Plaintiff do not compel a different conclusion. *American Family Mut. Ins. Co. v. Moore*, 912 S.W.2d 531, 533 (Mo.App.1995), recited that a woman providing child care was not covered because of the business pursuits exclusion, finding that, due to that court's earlier decision, it was the law of the case that her "babysitting services for hire" was a business activity under the policy. *American Family Ins. Co. v. Moore*, 876 S.W.2d 645 (Mo.App.1994), was the earlier case cited, but the holding of the latter case cannot be discerned from the published order, which merely states that it is an "[a]ppeal from summary judgment for American Family Insurance Company in a declaratory judgment action" and is affirmed pursuant to Rule 84.16(b). What facts or policy language were before the Court cannot be told.

*American Family Mut. Ins. Co. v. Elliot*, 523 N.W.2d 100 (S.D.1994), discusses the identical definition of "business." There was no dispute in *Elliot* but that the insured operated a profit-motivated business. *Id.* at 101. Under the facts there present, the court found no ambiguity. *Id.* at 103. Here, that this was not a profit-motivated enterprise was agreed. As earlier noted, the policy language in *Maryland Cas. Co. v. Hayes* and *Union Mut. Ins. Co. v. Brown* clearly provided that day care service was a business pursuit. *Union Mut. Ins. Co.* recognized that babysitting as a mere accommodation to friends, neighbors or relatives is not a business pursuit. 809 S.W.2d at 146. The court further noted that profit motive or accommodation may be a factor in determining whether day care is a business pursuit if the policy is silent, but not where the policy specifically sets out that day care is a business pursuit. *Id.* Here, whether the policy specifically provides that all day care for compensation and not for insureds and relatives is a business pursuit is reasonably debatable and thus ambiguous.

Having found that the business pursuits exclusion does not eliminate coverage, Plaintiff's other contentions in its remaining two points are rendered moot.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.

---

1. "If an **insured** regularly provides home day care services to a person or persons other than **insureds** and receives monetary or other compensation for such services, that enterprise is a **business** pursuit."