STATE ex rel. AMERICAN FAMILY
MUTUAL INSURANCE
COMPANY, Relator,

v.

The Honorable Theodore B.
SCOTT, Respondent.

No. 22247.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 17, 1998.

Motion for Rehearing and Transfer
Denied Oct. 8, 1998.

Application for Transfer Dismissed
Nov. 20, 1998.

Craig A. Smith, Daniel, Clampett, Powell & Cunningham, Springfield, for Relator.

Norton Y. Beilenson, Kenneth B. Newman, Susman, Schermer, Rimmel & Shifrin, L.L.C., St. Louis, for Respondent.

MONTGOMERY, Judge.

In this original proceeding, Relator (American Family) seeks to prohibit enforcement of (1) a monetary judgment against it in a civil action in which it is not a party, and (2) an Amended Order for Alternative Dispute Resolution which directs it to participate in mediation by the attendance of its representative who "shall have full authority to settle the litigation within policy limits."

The following dispositive facts are gleaned from the petition, answer, exhibits attached to the pleadings, and the transcript of the March 31, 1998, hearing.

Respondent presides over a civil action in Webster County, Missouri, styled Richard Spiegel and Julie Spiegel, Plaintiffs vs. Darrell Crites and Donna Crites, Defendants, Case No. CV996–003CC. Spiegels' petition alleges that Criteses are responsible for the wrongful death of Spiegels' young son while he was left in Criteses' care.

American Family is not a party in the wrongful death case. However, American Family insured the Criteses under the terms of a homeowner's insurance policy which was in effect at the time of the alleged wrongful

death. Presently, American Family is providing a defense in the wrongful death case to Criteses under a reservation of rights.

Although providing a defense, American Family also claimed in a declaratory judgment action that its policy did not cover Spiegels' claim. In *American Family Mut. Ins. Co. v. Crites and Spiegel*, 973 S.W.2d 137 (S.D.Mo.App.1998), this Court affirmed the entry of a summary judgment adverse to American Family.

By an order dated December 11, 1997, Respondent ordered the wrongful death case into mediation via Supreme Court Rule 17, the "Alternative Dispute Resolution" rule which became effective July 1, 1997.[1]

On December 30, 1997, Spiegels filed a Motion for Protective Order requesting Respondent to order that American Family "name one of it's [sic] representatives who has authority to make offers of settlement in the within cause of action, to be present, in person, at the within mediation. . . ."

Respondent apparently never ruled on this motion because Spiegels' counsel, by letter of January 22, 1998, notified the court that American Family's attorney, Craig Smith, had voluntarily agreed to produce an American Family adjuster at the mediation session with authority to make settlement offers.

At the mediation session on February 16, 1998, no American Family adjuster appeared. Instead, Ron Rogers, American Family's in-house counsel, appeared and advised those present that he "had the authority" and "all roads lead to me regarding this case." During the mediation process Rogers attempted, unsuccessfully, to contact other American Family representatives to obtain additional authority. After this effort failed, the mediation terminated.

Following this unsuccessful mediation effort, Spiegels filed a "Motion to Reconvene Mediation and for the Assessment of Attorneys' Fees, Cost [sic] and Expenses" on March 13, 1998. The motion requested an order "assessing the costs of the mediation fees including the fees of the Honorable Tim O'Leary against American Family Mutual Insurance Company, that Plaintiffs' counsel be

awarded their reasonable attorneys' fees, including travel time in the amount of $4,350.00, . . . that the appropriate representative from American Family Mutual Insurance Co. be ordered by this Court to appear and be present during the mediation process with full authority up to and including the policy limits to resolve this matter on behalf of American Family. . . ."

After a hearing on March 31, 1998, Respondent entered a judgment by docket entry awarding damages in favor of the Spiegels and against American Family in the amount of $4,350 plus expenses of $190.50. The docket entry further contemplates awarding additional damages against American Family for the mediator's fee upon submission of an affidavit from the mediator. The next day Respondent also ordered American Family to participate in mediation in the manner and under the terms requested by the Spiegels in their motion to reconvene mediation, including that a representative of American Family with full authority to settle, up to and including the policy limits, be present in person at said mediation. Although notified, American Family's attorney did not appear at this hearing.

Prior to the March 31, 1998, hearing on Spiegels' motion, Craig Smith participated in a conference call with Respondent and the other attorneys. This call concerned the upcoming hearing of March 31, 1998. However, prior to the call, Craig Smith faxed to the court and the other attorneys a letter dated March 16, 1998, which emphasized that American Family (1) was not a party to the wrongful death case in which Spiegels' motion was pending, (2) did not enter its appearance in the case, and (3) did not voluntarily submit to the court's jurisdiction in the case. Having taken that position, the letter stated that Smith would participate in the conference call "if the court wishes to hear American Family's position on [Spiegels'] motion."

In ruling on Spiegels' motion, Respondent stated, "[T]he Court believes that [American Family has] submitted themselves to the jurisdiction of this Court by appearing at the

1. Rule references are to Missouri Court Rules (1998), unless otherwise indicated.

mediation and by their agreements with counsel." The docket entry judgment, earlier described, was then entered.

A Petition for Writ of Prohibition and, in the alternative, for Writ of Mandamus was filed in this Court on April 3, 1998. On April 22, 1998, this Court issued its Preliminary Order in Prohibition, as prayed in the petition, directed to Respondent.

Rule 17 is the appropriate starting point for discussion of the issues raised. The purpose of the rule is to provide an "alternative mechanism" for the resolution of civil disputes with resultant savings in time and expenses to the "litigants" and to the court. Rule 17.01(a).

Upon stipulation of the "parties," a civil action *shall* be ordered to alternative dispute resolution. Rule 17.03(a) (emphasis added). By motion of any "party" or by the court, a civil action *may* be ordered to alternative dispute resolution. *Id.* (emphasis added). If counsel for any "party" determines that "referral to alternative dispute resolution has no reasonable chance of being productive, they may opt out by so advising the court, in writing, within thirty days of the order of referral." Rule 17.03(b).

Under any fair reading of Rule 17, it must be said that the rule merely provides the parties with an opportunity and method to resolve their differences, short of an expensive and time-consuming trial. Should settlement efforts become unproductive, the rule allows a party to opt out of the process. In short, a party's participation under the rule is almost optional.

Clearly, the rule refers only to the parties regarding any order to participate in alternative dispute resolution. The rule makes no reference to the insurer of any party. This omission is central to American Family's complaints.

■ American Family first claims that Respondent exceeded his jurisdiction by entering a judgment against it because American Family was not a party to the wrongful death case and, accordingly, it was not subject to the entry of a judgment. Essentially, American Family argues that Respondent has no authority to enter a judgment against a non-party. We agree.

At the time of the judgment in question, American Family was not a plaintiff nor a defendant in the wrongful death case. American Family never sought to intervene, and no party had ever sought to add American Family as a party. While American Family's in-house counsel attended the mediation hearing, no attorney for American Family made an appearance in the wrongful death case. When Craig Smith participated in a conference call with Respondent and the wrongful death case attorneys, he did so after notification that American Family had no intent to appear in the case or submit to the court's jurisdiction.

Missouri courts have consistently held that no judgment can be granted against one who is not a party. An example of this rather obvious principle is *State ex rel. L.L.B. v. Eiffert*, 775 S.W.2d 216 (Mo.App.1989). There, the mother of an infant sought to prohibit the enforcement of a decree entered in an action brought by her father and stepmother to adopt that infant. The juvenile court denied the adoption but found the mother unfit and transferred custody of the infant to M.K.B., the putative father. Mother sought to prohibit that portion of the decree.

The parties named in the caption of the adoption petition were the father and stepmother, petitioners, and M.K.B., the respondent. The mother had filed an entry of appearance and consent to adoption in which she consented to the infant's adoption by her father and stepmother.

In making the preliminary order in prohibition absolute, this Court held that an "adoption proceeding is not a forum for a determination of custody between parents." 775 S.W.2d at 219. We also held:

> Moreover, the authority of the juvenile court in this action was limited by a principle applicable to all courts and all actions. The court has no authority to grant relief against one who is not a party. *Schneider v. Sunset Pools of St. Louis, Inc.*, 700 S.W.2d 137 (Mo.App.1985); *Kaplan v. Centerre Trust Co. of St. Louis*, 740 S.W.2d 711 (Mo.App.1987). "A party to an action

is a person whose name is designated on record as plaintiff or defendant." *Maurer v. Clark*, 727 S.W.2d 210–211 (Mo.App. 1987). Also see *M & A Electric Power Cooperative v. True*, 480 S.W.2d 310 (Mo. App.1972).

The parties named in the caption of the petition in this action are the mother's father and stepmother and the putative father. The same is true of the caption of the putative father's answer. The status of the mother has been appropriately noted. "Not having been sued by plaintiff, they were not defendants." *State ex rel. Saupe v. Swink*, 475 S.W.2d 466, 467 (Mo. App.1971).

*Id.* at 220.

Finally, we determined that mother did not become a party by filing her entry of appearance because it is the petition that designates the parties. *Id.* Nor did she become a party because the petitioner's attorney had once represented her or because she appeared as a witness. *Id.*

Another case illustrating American Family's point is *Meyer v. Meyer*, 842 S.W.2d 184 (Mo.App.1992). There, in two separate cases, the trial court appointed guardians ad litem for the children and ordered their fees paid from the public funds of St. Louis County. The guardians garnished County's funds. County's motion to intervene and quash the garnishment was denied. On appeal, County attacked the trial court's jurisdiction to enter a judgment against a non-party.

After construing § 452.423.4 (the section on payment of guardian ad litem fees), the court said:

> Our construction of § 452.423.4 is consistent with other statutory provisions. Section 511.020 defines a judgment as "the final determination of the right of the parties in the action." Thus, by definition, a judgment is applicable only to "the parties."
>
> Further, § 511.030 provides that a judgment "may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." Also, by its terms, § 452.423.4

provides that the "final judgment" is "enforceable against the parties."

842 S.W.2d at 187.

The court held that a judgment could not be entered against the County because "County, neither a plaintiff nor a defendant, was not a party to these actions. Sections 452.423.4, 511.020, and 511.030 only permit judgments against parties." *Id.*

■ The same rationale applies to this case. Rule 17 only speaks in terms of parties to the case. That rule, coupled with §§ 511.020 and 511.030 only permit judgments against parties. The Supreme Court drafted Rule 17 with full awareness of cases like *Meyer* and *L.L.B.* In construing a Supreme Court rule, we rely on canons of statutory construction. *Short v. Short*, 947 S.W.2d 67, 71 (Mo.App.1997). "Whether interpreting rules or statutes, appellate courts should apply the plain and ordinary meaning of the rule as written." *Id.* Application of the plain and ordinary meaning of the parties to this case necessarily excludes American Family.

Although Respondent took the position that American Family subjected itself to the court's jurisdiction (by appearing at mediation and by agreements of counsel), *L.L.B.* teaches that Respondent was wrong. The mother in *L.L.B.* did not become a party to the adoption action even though she filed an entry of appearance consenting to the adoption, appeared as a witness, and was earlier represented by petitioner's attorney. In making this determination, this Court relied on the fact that mother was not designated as a party in the petition, and she did not seek intervention.

American Family was not a party to the wrongful death case and never sought intervention. Appearing at mediation is nothing close to filing an entry of appearance and consenting to certain court action. In fact, American Family did the opposite before participating in the conference call. It notified the court and parties that American Family did not intend to enter an appearance or subject itself to the court's jurisdiction.

Finally, we observe that American Family's agreements with counsel only related to

appearing at the mediation hearing. Again, *L.L.B.* requires a determination that American Family did not become a party by such action. Therefore, we conclude that Respondent acted in excess of his authority by entering a judgment against American Family.

In *L.L.B.*, we said that prohibition was the "proper remedy to bar recognition of and enforcement of" the decree as it related to mother. 775 S.W.2d at 220. Likewise, prohibition is appropriate in this case to bar recognition and enforcement of the judgment against American Family. "The writ of prohibition prevents lower courts from acting without or in excess of their jurisdiction." *State ex rel. Police Retirement System of St. Louis v. Mummert*, 875 S.W.2d 553, 555 (Mo. banc 1994).

■ American Family's final complaint is that Respondent acted in excess of his jurisdiction by entering the order of April 1, 1998, commanding a representative of American Family to participate in the next mediation session. The parties do not cite, nor do we find, a Missouri appellate opinion addressing this issue.

■ In our view, Rule 17 does not expressly or implicitly authorize Respondent to order a non-party's participation in mediation. As earlier discussed, Missouri courts consistently hold that orders affecting non-parties are invalid. Based on that principle, it follows that ordering a non-party to mediate exceeds Respondent's jurisdiction in the same manner as entering judgment against a non-party. To hold otherwise would result in mediation orders lacking means of enforcement against non-parties. Rule 17 cannot be so construed.

We reject Respondent's contention that this Court's explanation of "jurisdiction" in *Scott County Reorganized R–6 School Dist. v. Missouri Comm'n on Human Rights*, 872 S.W.2d 892 (Mo.App.1994), cloaks Respondent with authority to enter valid orders against American Family. There, we said, " 'Jurisdiction' is often used ambiguously; in its stricter sense, it means judicial authority over the subject matter and parties; in its broader sense, it includes the power to grant specific relief in cases within such authority."

*Id.* at 893. After citing this quote, Respondent makes the following argument:

Relator American Family does not dispute that the former, stricter jurisdiction is proper over Plaintiffs Spiegel and Defendants Crites, in the underlying Wrongful Death Case.... It is within this undisputed authority that Respondent Scott possessed the latter, broader power to grant specific relief: compelling attendance at mediation with authority up to the policy limits to settle the Wrongful Death Case, if appropriate; and assessing fees and costs for Relator American Family's misleading conduct regarding participation in the mediation, the violation of the agreement among counsel and resulting breakdown of the mediation.

The flaw of this argument, unsupported by any authority, is apparent. *Scott County* teaches that Respondent only had judicial authority over the wrongful death case and the parties thereto. American Family was not a party to that case. As written, Rule 17 only provides Respondent with authority to order the parties into mediation.

The preliminary order in prohibition is made absolute.

SHRUM, P.J., and BARNEY, J., concur.