215 S.W.3d 758 (2007)
In the Interest of N.T.W.L.
Missouri Dept. of Social Services, Appellant
v.
Crawford County Juvenile Office and Frank B. Schweitzer, Guardian Ad Litem, Respondents.
No. 27851.
Missouri Court of Appeals, Southern District, Division One.
March 7, 2007.
Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole L. Loethen, Asst. Atty. Gen., Jefferson City, for Appellant.
R. Scott Killen, Oliver, Oliver & Waltz, P.C., Cape Girardeau, for Crawford Co. Juvenile Office.
JOHN E. PARRISH, Judge.
The Missouri Department of Social Services, Children's Division, (the division) appeals the assessment of guardian ad litem fees and attorney fees included in a judgment terminating parental rights of N.T.W.L.'s father. The action was initiated *759 by a petition of the juvenile officer of the 42nd Judicial Circuit pursuant to § 211.444.[1] This court concludes that the order assessing the guardian ad litem fees and attorney fees is void in that the division was not a party to the action in which the order was entered. The part of the judgment taxing fees to the division is reversed. The judgment is affirmed in all other respects. The case is remanded.
The juvenile officer filed her petition seeking termination of parental rights of Dale W. Lunsford, Jr. The petition alleged Mr. Lunsford was the child's natural father; that he had executed a "notarized Consent to Termination of [P]arental Rights and Consent to Adoption, waived service of summons"; and that termination of parental rights was in the best interests of the child. Mr. Lunsford's notarized Consent to Termination of Parental Rights and Consent to Adoption was filed with the petition.
Following a hearing, the trial court entered judgment finding Mr. Lunsford to be the child's natural father and terminating his parental rights. The judgment declared that "[t]he legal and physical custody of the minor child, [N.T.W.L.], shall be and remain with the natural mother." The trial court, by separate document denominated "Judgment and Order for Guardian Ad Litem and Attorney Fees," declared that judgment was awarded for guardian ad litem and attorney fees in the amount of $500 "to be taxed against the Children's Division and Court costs to be waived."
Thereafter, an attorney for the division filed a motion requesting that the sum purportedly assessed against the division be set aside asserting that the division never had custody of the child and, therefore, the trial court lacked authority to order it to pay the fees in question.[2] When the attorney appeared in the trial court to seek the setting aside of the judgment, he further suggested that the division was not a party to the termination action, nor had the division provided services to the family. The trial court denied the request to set aside the part of the judgment that assessed the fees against the division. In so doing the trial court suggested, "If you weren't a party I guess I couldn't, but then I couldn't take up your motion to set aside the judgment if you're not a party. I'm making a great record so the gentlemen down in Springfield enjoy this one because I'm going to make them rule on it."
Missouri courts have consistently held that no judgment can be granted against someone who is not a party to the case. State ex rel. American Family Mut. Ins. Co. v. Scott, 988 S.W.2d 45, 47 (Mo.App.1998). The determination of whether someone is or becomes a party to the action takes into account whether the person or entity was designated as a party in the petition and whether the person or entity intervened. Id. at 48. If the person or entity was not a party to the action at the time of the judgment, a trial court acts in excess of its jurisdiction by entering a judgment against that person or entity. Id. at 48-49.
Doss v. Howell-Oregon Elec. Co-op., Inc., 158 S.W.3d 778, 783 (Mo.App.2005).
The division was not designated a party in the petition. It had neither taken nor attempted to take any action in the case prior to or at the time judgment was entered. *760 It was not a party to the action at the time of judgment. The trial court lacked personal jurisdiction over the division. As such, the judgment against the division for attorney fees and guardian ad litem fees is void and without legal force or effect. Cook v. Polineni, 967 S.W.2d 687, 690 (Mo.App.1998). The part of the judgment assessing fees against the division is reversed. The judgment is affirmed in all other respects. The case is remanded for entry of judgment consistent with this opinion.
RAHMEYER, P.J., and SCOTT, J., concur.
NOTES
[1] References to statutes are to RSMo 2000.
[2] § 211.462.4, permits fees to be assessed against the division in termination cases only if the division had or received legal or actual custody of the child that is before the court. In Interest of J.P., 947 S.W.2d 442, 445-46 (Mo.App.1997).