**SCOTT COUNTY REORGANIZED R–6 SCHOOL DISTRICT, Relator–Respondent,**

v.

**MISSOURI COMMISSION ON HUMAN RIGHTS, Respondent–Appellant.**

No. 19055.

Missouri Court of Appeals, Southern District, Division Two.

March 29, 1994.

PREWITT, Judge.

Vicky Mitchell filed on July 30, 1990, a complaint with appellant claiming discrimination by respondent. On June 24, 1991, she sought to amend the complaint by adding "retaliation". Following appellant allowing the amendment, respondent filed a petition for writ of prohibition with the Circuit Court of Scott County requesting an order commanding appellant to dismiss both complaints and to order appellant to refrain from further proceedings.

The trial court entered a preliminary order ordering appellant "to refrain from all action in the premises until further ordered." Thereafter, that order was made permanent. Appellant then filed a notice of appeal to this court.[1]

We first consider whether prohibition was properly invoked. A writ of prohibition is an extraordinary remedy to be used with great caution, forbearance, and only in cases of extreme necessity. *State ex rel. Douglas Toyota v. Keeter,* 804 S.W.2d 750, 752 (Mo. banc 1991). The two requirements for issuance of a writ are lack of jurisdiction and lack of an otherwise adequate remedy. *State ex rel. Martin v. Peters,* 649 S.W.2d 561, 563 (Mo.App.1983).[2]

Jurisdiction has many meanings depending upon the context used. "Jurisdiction" is a loosely employed term but generally it includes three kinds of authority, over the subject matter, over the person, and to render the order given. *Farrar v. Moore,* 416 S.W.2d 711, 713 (Mo.App.1967). See also *Jennings v. State,* 631 S.W.2d 361, 363 (Mo. App.1982).

"Jurisdiction" is often used ambiguously; in its stricter sense, it means judicial authority over the subject matter and parties; in its broader sense, it includes the power to grant specific relief in cases within such authority. *Lake Wauwanoka, Inc. v. Spain,* 622 S.W.2d 309, 314 (Mo.App.1981). For a discussion of

David Potashnick, Potashnick Law Offices, Sikeston, for relator-respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Thomas P. Polacek, Scott R. Pool, Asst. Attys. Gen., Jefferson City, for respondent-appellant.

1. The briefs filed by the parties, contrary to Rule 81.03, style this matter "Missouri Commission on Human Rights, Appellant, v. Scott County Reorganized R–6 School District, Respondent". Rule 81.03 provides in part that "the title of the action shall not be changed in consequence of the appeal."

2. Rule 97 governs proceedings in prohibition.

the term "jurisdiction" where prohibition is sought see Note, *The Writ of Prohibition in Missouri*, 1972 WASH.U.L.Q. 511, 520–526.

Prohibition has been held to be proper where the initial complaint before the Missouri Commission on Human Rights was untimely. *Southwestern Bell v. Missouri Commission on Human Rights*, 863 S.W.2d 682, 686 (Mo.App.1993); *Missouri Pacific Railroad Co. v. Missouri Commission on Human Rights*, 606 S.W.2d 496 (Mo.App.1980). Here, however, there is no question but that the initial complaint was timely filed. The only question raised goes to the timeliness or relation back of the amended complaint charging that respondent retaliated against Mitchell.[3]

Respondent primarily relies on *Southwestern Bell.* However, there, "jurisdiction" was never acquired by appellant because the original complaint was not timely filed. § 213.-075.1, RSMo Supp.1993. There is no question but that appellant had jurisdiction over the initial complaint here. Error, if there was such, would not ordinarily divest it of jurisdiction. Section 213.075.16, RSMo Supp. 1993, provides for "appeal as provided in chapter 536, RSMo." from decisions of appellant.

 *State ex rel. Morasch v. Kimberlin*, 654 S.W.2d 889 (Mo. banc 1983), held that prohibition is not proper against a trial judge who intended to proceed at trial after ruling that the statute of limitations did not bar the plaintiff's claim. The court criticized cases which allowed the writ of prohibition to provide interlocutory review of trial court error. The Missouri Supreme Court and Court of Appeals derive their power to issue remedial writs from the Missouri Constitution, Article V, § 4. Use of this power to issue a writ of prohibition has been limited to correction or prevention of inferior court or agency action without or in excess of jurisdiction. *Keeter*, 804 S.W.2d at 752 and *State ex rel. Noranda Aluminum, Inc. v. Rains*, 706 S.W.2d 861, 862 (Mo. banc 1986).[4]

■ The power of circuit courts to issue writs of prohibition is derived by statute. § 530.020, RSMo 1986. The statutory grant of power is less expansive than the constitutional grant of power. *Noranda Aluminum*, 706 S.W.2d at 862. The limitations the supreme court has found on its own use of the writ therefore define the outer boundaries of proper use of the writ by a circuit court absent other statutory authority.[5]

■ Allowing the amended complaint may have been error, a question we do not decide, however, it is apparent that the appellant had the requisite jurisdiction to err in its ruling. *Noranda Aluminum*, 706 S.W.2d at 866 (Billings, J., dissenting). Any error in allowing an amendment should be addressed by appeal rather than prohibition.

The judgment making permanent the order of prohibition is reversed and the cause remanded to the trial court with directions that it quash the preliminary order and dismiss the petition with prejudice.

CROW and GARRISON, JJ., concur.

---

**3.** Rule 55.33 "Amended and Supplemental Pleadings" of the Rules of Civil Procedure adopted by the Missouri Supreme Court is mentioned in *Southwestern Bell*, 863 S.W.2d at 685 and discussed by the parties. Those rules are not applicable to proceedings in appellant, see Rule 41.01, unless perhaps adopted in some manner by appellant. We are not cited to any regulation or other matter indicating that those rules apply in proceedings before appellant.

**4.** Two exceptions to this limited use of prohibition are where a litigant faces some "absolute irreparable harm," *Keeter*, at 752, and where judicial economy demands resolution of significant legal issues which may be escaping review. *Keeter*, at 752 and *Noranda*, at 862. Neither situation exists in this case.

**5.** Section 536.150, RSMo 1986, provides for a writ of prohibition in a non contested case against an administrative agency.