**Amean John YAAKUB, Respondent,**

v.

**AETNA CASUALTY & SURETY COMPANY and James Becker Consulting Engineers, Appellants.**

**No. 65318.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 23, 1994.

Amy E. Offner, St. Louis, for appellants.

John R. Halpern, St. Louis, for respondent.

CRIST, Judge.

Aetna Casualty & Surety Company (Aetna) appeals from the trial court's order granting Amean John Yaakub's petition seeking a declaratory judgment against Aetna, the workers' compensation carrier for Yaakub's employer. The trial court determined Aetna was not entitled to a credit against past or future compensation benefits for either the $125,000 Yaakub received in uninsured motorist benefits from State Farm

Mutual Automobile Insurance Company (State Farm), or the $89,977.74 the Estate of Kurt paid in settlement of Kurt's liability. We reverse in part and affirm in part.

The facts of the case, as stipulated by the parties, are as follows: On November 3, 1987, while acting within the scope of his employment, Yaakub was injured when the car he was driving was struck by a car driven by Hubert E. Kurt. Kurt, an uninsured motorist, was at fault.

The car Yaakub was driving at the time of the accident was covered by an insurance policy issued by State Farm which included coverage for uninsured motorists. On February 18, 1988, State Farm executed five checks totalling $125,000, payable to Yaakub. In exchange, Yaakub signed five Release and Trust agreements which authorized State Farm "to take any action, which may be necessary either in law or in equity in the name of the undersigned" against any person or organization legally liable for the injuries he suffered. In accordance with this agreement, State Farm brought suit in Yaakub's name against Kurt's Estate to recover damages suffered as a result of the car accident. The parties agreed to settle this claim for $89,977.74. A check was issued in this amount on April 11, 1989. However, Yaakub only received $5,000 from the settlement; the rest was paid to State Farm as reimbursement under the terms of the release agreement and in accordance with § 379.203.4, RSMo 1986, which states:

In the event of payment to any person under the coverage required by this section, and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, *be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer* . . . .

Aetna notified the attorney for Kurt's Estate of its subrogation lien by letter on December 4, 1987, and October 11, 1988. After the settlement, Aetna also notified Yaakub and his attorney of its subrogation lien. On March 6, 1991, Yaakub filed a petition requesting the court to declare Aetna had no right to credit for the amount of the uninsured motorist insurance proceeds recovered from State Farm because State Farm was not a third party liable for Yaakub's injuries within the meaning of § 287.150.3, RSMo Supp.1993. The petition also asked the court to declare Aetna was not entitled to credit for any portion of the settlement with Kurt's Estate because State Farm was entitled to recover this money pursuant to the terms of the release agreement and § 379.203.4. Aetna filed an answer denying Yaakub's claims but did not request any affirmative relief or seek to join State Farm in the action. The trial court granted Yaakub's petition finding:

Defendants, Aetna Casualty & Surety Co. and James B. Becker Consulting Engineers, are not entitled to a credit against any past or future compensation benefits which Defendants have paid or may owe to Plaintiff as a result of either money paid to Plaintiff pursuant to the provisions of the uninsured motorist policy issued by State Farm or as a result of the recovery made by State Farm Insurance Company against the estate of Hubert F. Kurt. . . .

■ On appeal, Aetna alleges the trial court erred in granting Yaakub's petition for declaratory judgment because Yaakub was obligated to hold any money recovered from third persons as a result of his injuries in constructive trust for Aetna.

Aetna relies on § 287.150, which states in pertinent part:

1. Where a third person is liable to the employer or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third persons. . . .

3. *Whenever recovery against the third person is effected by the employee or his dependents,* the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. After the expenses and attorney fee have been paid, the balance of the recovery shall be

apportioned between the employer and the employee or his dependents in the same ratio that the amount due the employer bears to the total amount recovered....

According to *Barker v. Palmarin,* 799 S.W.2d 117, 118 (Mo.App.1990), an uninsured motorist carrier is not considered a third person within the meaning of § 287.150.3. Therefore, Aetna is not entitled to credit for the $125,000 Yaakub received from State Farm as uninsured motorist benefits. However, Aetna argues even if it is not entitled to credit for the $125,000 Yaakub received from State Farm, it is entitled to credit for the $89,977.74 recovered from the settlement agreement with Kurt's Estate.

Aetna argues the $89,977.74 paid by Kurt's Estate in settlement of Kurt's liability for the accident constitutes a "recovery against a third person effected by the employee." However, the Joint Stipulation submitted to the trial court stated, "a lawsuit was brought by State Farm in the name of Omar John Yaakub, Amean John Yaakub's father, and Amean John Yaakub, against the Estate of Kurt." Although the lawsuit was settled for $89,977.74, Yaakub only received $5,000 from the settlement. The rest was paid to State Farm as reimbursement pursuant to the terms of the release agreement and § 379.203.4. Aetna is entitled to credit for the $5,000 Yaakub received from the settlement with the Kurt's Estate. However, we have no jurisdiction to decide whether Aetna is entitled to any portion of the $84,-977.74 recovered by State Farm, as State Farm was not a party to the action.

The judgment of the trial court is reversed in part and affirmed in part.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.