Queen E. TEMES, Respondent,

v.

## DEPARTMENT OF SOCIAL SERVICES, Appellant.

No. ED 83639.

Missouri Court of Appeals, Eastern District, Division Four.

April 27, 2004.

Gary L. Gardner, Assistant Attorney General, Jefferson City, for appellant.

Brian P. Seltzer, Clayton, for respondent.

PATRICIA L. COHEN, Judge.

The Department of Social Services appeals the judgment of the Circuit Court of St. Louis County awarding attorney fees and costs against the Department of Social Services and in favor of counsel for the guardian as well as the guardian ad litem in a guardianship proceeding. Because we hold that the judgment awarding attorney fees and costs assessed against the Department of Social Services is contrary to law, we reverse.

### Statement of the Facts and Proceedings Below

Queen Ester Temes ("Temes") filed a Petition for the Appointment of Guardianship of a Minor Child ("Petition") in the Probate Division of the Circuit Court of St. Louis County. The Petition alleged that Temes is the maternal grandmother of a child, over fourteen years of age, whose mother and father are unable, unwilling and unfit to assume guardianship duties for the minor child. Pursuant to section 487.090.4 RSMo, the probate judge transferred the matter to Family Court.

After several continuances due to Temes' failure to serve mother and father, Temes dismissed her Petition without prejudice. Temes subsequently filed a Request for Attorney's Fees requesting "a judgment in the total amount of $688...." The court granted Temes' request for $688.00 in attorney fees and costs from the Division of Family Services. One week later, the court set aside the dismissal based on Temes' desire "to complete said guardianship," adding "prior request for fees to be deferred."

Ultimately, Temes served the minor child's father and the minor's mother waived service and consented to the proposed guardianship. Accordingly, the court set the Petition for hearing. A guardian ad litem entered his appearance and answered the Petition on behalf of the minor. Following the hearing, the court entered its Findings and Recommendations / Order, Judgment and Decree of Guardianship of a Minor ("Judgment") appointing Temes as guardian of the minor child. In its Judgment, the court stated, "[t]he Guardian ad Litem ... is allowed $75.00 as a fee. Said fee is a judgment in favor of the Guardian ad Litem and against Dept. of Social Services. Petitioner's attorney, ..., is awarded a judgment in his favor and against the Dept. of Social Services in the sum of $1,241.00 as and for attorney's fees and cost reimbursement per documentation submitted to the court." The Department of Social Services solely challenges the court's judgment ordering it to pay attorney fees and costs.

### Standard of Review

We review an award of attorney fees and costs to determine if the award was arbitrary and capricious, unreasonable, unsupported by competent and substantial evidence, made contrary to the law or in excess of the court's jurisdiction. *Hinton v. Director of Revenue*, 21 S.W.3d 109, 111–12 (Mo.App. W.D.2000).

### Discussion

In its sole point on appeal, the Department of Social Services contends that the Family Court's judgment awarding attorney fees and costs is contrary to the law

and in excess of its jurisdiction because no statute authorizes attorney fees or cost awards against a state agency in a guardianship proceeding. We agree.[1]

■ As a general matter, "absent statutory authority, costs, including attorney fees, cannot be recovered from the State, its agencies, or its officials." *Lipic v. State*, 93 S.W.3d 839, 841 (Mo.App. E.D. 2002). Accordingly, a successful litigant may be awarded attorney fees only when such an award is "provided for by statute or by contract, where very unusual circumstances exists so it may be said that equity demands a balance of benefits, or where the attorney's fees are incurred because of involvement in collateral litigation." *Doe v. Missouri Department of Social Services*, 71 S.W.3d 648, 652 (Mo.App. E.D.2002).

Chapter 475 RSMo, the Probate Code containing general provisions on guardianship, provides no statutory authorization for the assessment of attorney fees and costs against the State following a guardianship proceeding. Furthermore, this guardianship proceeding did not involve a contract, unusual circumstances or collateral litigation. In light of the absence of statutory authority or other recognized exceptions to the general rule, the Family Court's judgment assessing attorney fees and costs against the State in the underlying guardianship proceeding is contrary to law and is reversed.

BOOKER T. SHAW, P.J., and LAWRENCE C. CRAHAN, J., Concur.

---

**1.** As a preliminary matter, we note that Temes' attorneys did not respond to this appeal and have, instead, informed the court that they "do not intend to file briefs, participate in oral argument or otherwise respond to this appeal."