**Michael KINNEY, Respondent,**

v.

**SCHNEIDER NATIONAL CARRIERS, INC., et al., Defendants,**

**Service Vending Company, Inc., Appellant.**

**No. WD 66261.**

Missouri Court of Appeals, Western District.

Sept. 12, 2006.

Brian J. Zickefoose, Kansas City, for appellant.

Edward J. Hershewe, Joplin, Scott R. Pettit, Co–Counsel, Aurora, John A. Crowherd, Co–Counsel, Mount Vernon, for respondents.

Richard E. McLeon, Kansas City, for Defendant Schneider National Carriers, Inc.

Paul P. Hasty, Jr., Overland Park, for Defendant Allstate Insurance Company.

Steven H. Mustoe, Kansas City, for Defendant 3–C, Inc.

William J. Foland, Jr., Kansas City, for Defendant Aurora Chrysler Dodge Jeep LLC.

Before JOSEPH M. ELLIS, Presiding Judge, ROBERT G. ULRICH, Judge and RONALD R. HOLLIGER, Judge.

JOSEPH M. ELLIS, Presiding Judge.

On November 26, 2002, Michael Kinney ("Kinney") was involved in a motor vehicle accident in Craig County, Oklahoma. Kinney filed a claim for workers' compensation benefits under the Missouri Workers' Compensation Law for the injuries he sustained in the accident. In the workers' compensation proceeding, Kinney named his employer, Service Vending Company, Inc. ("SVC"), as the respondent. At the time of the accident, Kinney was acting in the course and scope of his employment with SVC and certain workers' compensation benefits were paid to Kinney by SVC's workers' compensation insurance carrier, including $286,905.49 in medical benefits and $96,099.36 in permanent total disability benefits.

On March 26, 2004, Kinney filed a Petition for Damages in the Circuit Court of Jackson County, Missouri, in which he sought to recover money damages to compensate him for the personal injuries he sustained in the November 26, 2002 motor vehicle accident. The petition named certain third parties (namely Schneider National Carriers, Inc., Aurora Chrysler–Dodge–Jeep, L.L.C., and Allstate Insurance Company, collectively referred to as "Defendants") as defendants, and alleged a variety of legal theories of recovery, including negligence and strict liability.

On October 24, 2005, SVC filed its Motion to Intervene in Kinney's personal injury suit against Defendants, claiming that it was entitled to intervene as of right under Rule 52.12(a) "to protect and enforce its statutory workers' compensation lien in any recovery that [Kinney] may make herein against Defendants." Kinney opposed SVC's motion, and filed Suggestions in Opposition on October 31, 2005. The circuit court subsequently issued a judgment overruling SVC's motion, leading to this appeal.

In its sole point on appeal, SVC argues that the circuit court erred in overruling its Motion to Intervene in Kinney's personal injury suit because it met its burden to plead and prove it was entitled to intervene as of right under Rule 52.12(a).[1]

Rule 52.12 governs intervention, and Rule 52.12(a) (titled "Intervention of Right") governs intervention as a matter of right. Rule 52.12(a) provides (original paragraph style omitted):

Upon timely application anyone shall be permitted to intervene in an action:

(1) when a statute of this state confers an unconditional right to intervene or

(2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"The denial of a motion to intervene as of right under Rule 52.12(a) must be affirmed unless it is against the weight of the evidence, it is unsupported by sufficient evidence, or it either misinterprets the law or misapplies the law." *Moxness v. Hart*, 131

---

1. Unless otherwise specified, all references to the Missouri Rules of Civil Procedure are to the 2005 version in effect when the trial court made its decision, and all statutory references are to RSMo 2000.

S.W.3d 441, 444 (Mo.App. W.D.2004); *see also In re Liquidation of Prof'l Med. Ins. Co.*, 92 S.W.3d 775, 778 (Mo. banc 2003). In reviewing the trial court's denial of intervention as of right, "we consider the facts in the light most favorable to the court's judgment." *In the Interest of M.B.*, 91 S.W.3d 122, 125 (Mo.App. E.D. 2002).

SVC claims it was entitled to intervene under both Rule 52.12(a)(1) and Rule 52.12(a)(2). As to Rule 52.12(a)(1), SVC contends that section 287.150 confers on SVC an unconditional right to intervene in Kinney's personal injury suit against Defendants to protect and enforce SVC's statutory workers' compensation lien in the amount of $383,004.85 against any recovery Kinney may ultimately receive from Defendants.

Section 287.150.1 provides, in pertinent part:

> Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover.

Moreover, section 287.150.3 states:

> Whenever recovery against the third person is effected by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. After the expenses and attorney fee have been paid, the balance of the recovery shall be apportioned between the employer and the employee or his dependents in the same ratio that

the amount due the employer bears to the total amount recovered if there is no finding of comparative fault on the part of the employee, or the total damages determined by the trier of fact if there is a finding of comparative fault on the part of the employee.

We agree with SVC that section 287.150 "provides employers a subrogation interest in an employee's recovery against a third person who is liable to that employee for a physical injury." *ATS, Inc. v. Listenberger*, 111 S.W.3d 495, 498 (Mo. App. E.D.2003). In its brief, however, SVC does not cite any authority holding that section 287.150 or any of its six subsections confers on an employer or its workers' compensation insurance carrier the unconditional right to intervene in an injured employee's negligence suit against third parties "to protect and enforce [a] statutory workers' compensation lien," as alleged in SVC's motion. Moreover, our independent review of the entire statute confirms that nowhere does it confer such an unconditional right of intervention. Since "[t]he burden of proof in an intervention action [under Rule 52.12(a) ] lies with the proposed intervenor," *In re Estate of Potashnick*, 841 S.W.2d 714, 719 (Mo.App. E.D. 1992), the trial court properly overruled SVC's motion to intervene on the basis of Rule 52.12(a)(1). *See Flippin v. Coleman Trucking, Inc.*, 18 S.W.3d 17, 20 (Mo.App. E.D.2000) (holding that Rule 52.12(a)(1) was inapplicable because the would-be intervenor failed to show that any Missouri statute unconditionally authorized it to intervene as a matter of right); *Ruth L. v. State*, 830 S.W.2d 528, 530 (Mo.App. S.D. 1992) (holding that a would-be intervenor was not entitled to intervene on the basis of Rule 52.12(a)(1) where she failed to show that any Missouri statute conferred upon her an unconditional right to intervene).

■ SVC's alternative claim is that it proved its entitlement to intervention as of right under Rule 52.12(a)(2), which, as noted *supra*, sets forth three required elements.

Those elements are: (1) the applicant must show an "interest" in the subject of the action in which he seeks to intervene; (2) he must show that [absent intervention] his ability to protect his interest will be impaired or impeded as a practical matter; and (3) he must show that his interest is not adequately represented by the existing parties.

*State ex rel. Mercantile Bank of Springfield v. Pinnell,* 804 S.W.2d 63, 65 (Mo. App. S.D.1991) (quoting *State ex rel. St. Joseph Ass'n of Plumbing, Heating & Cooling Contractors, Inc. v. City of St. Joseph,* 579 S.W.2d 804, 806 (Mo.App. W.D.1979)); *see also Moxness,* 131 S.W.3d at 444. The would-be intervenor "carries the burden of establishing the presence of all three elements required for intervention as a matter of right" under Rule 52.12(a)(2), *State ex rel. Nixon v. Am. Tobacco Co., Inc.,* 34 S.W.3d 122, 127 (Mo. banc 2000), and a motion to intervene as of right under Rule 52.12(a)(2) may properly be denied if even one of these three elements is not established. *Potashnick,* 841 S.W.2d at 719; *Ring v. Metro. St. Louis Sewer Dist.,* 41 S.W.3d 487, 491–92 (Mo. App. E.D.2000).

As conceded by Kinney, SVC established the first element since section 287.150.1 clearly gives SVC a subrogation interest in the subject matter of Kinney's action against the Defendants.

As to the second required element, SVC argues that absent its intervention, "the disposition of the action may, as a practical matter, impair or impede its ability to protect its lien interest." In support of its argument, SVC cites two federal district court cases, both of which discuss the right of an employer to intervene as of right under La.Rev.Stat. Ann. §§ 23:1101–1103, which are provisions of Louisiana workers' compensation law. *See Dushane v. Gallagher Kaiser Corp.,* No. 05–0171, 2005 WL 1959151, 2005 U.S. Dist. LEXIS 39905 (W.D.La. Aug. 10, 2005); *Roberts v. Pilot Travel Ctrs., LLC,* No. 7:05–CV–60 (HL), 2005 WL 3440476, 2005 U.S. Dist. LEXIS 36200 (M.D.Ga. Dec. 14, 2005). In holding that the employer was entitled to intervene as a matter of right under F.R.C.P. 24(a)(2),[2] the courts in *Dushane* and *Roberts* both observed that under Louisiana law (emphasis in original):

[B]oth the employee and the employer have a cause of action against the tortfeasor and, if the employee does not sue the tortfeasor, the employer may do so. If the employee files suit, the employer is given the right to intervene. Any judgment against the tortfeasor must reimburse the employer in preference to the claim of the employee. If the employer fails to intervene, he is precluded from filing his own action against the tortfeasor. If the employee fails to give the employer notice of the employee's suit against the tortfeasor, or if the employee and tortfeasor settle without the consent of the employer, the employee forfeits his right to future benefits. If the employer intervenes, and if the tortfeasor fails to obtain the employer's consent to a compromise and the employee fails to reimburse the employer, the tortfeasor is obligated to reimburse the employer. The advantage to the employer of intervening is apparent: *Only by intervening in the employee's lawsuit*

---

2. The present version of Rule 52.12(a) was derived from and is substantially similar to F.R.C.P. 24(a). *See* Committee Note—1974, I

MISSOURI COURT RULES 284 (2006); *City of St. Joseph,* 579 S.W.2d at 806.

*will the employer's right to reimbursement of benefits already paid be preserved and protected.*

*Dushane* at *2, 2005 U.S. Dist. LEXIS 39905, at *6–7; *Roberts* at *2, 2005 U.S. Dist. LEXIS 36200, at *4–5 (quoting *Dushane* at *2, 2005 U.S. Dist. LEXIS 39905, at *6–7). In both cases, the employer would have forever lost its right to reimbursement of the workers' compensation benefits already paid to the employee if intervention was disallowed. *Dushane* at *4, 2005 U.S. Dist. LEXIS 39905, at *13 (original emphasis omitted) (noting that under Louisiana law, the employer "effectively loses its right of reimbursement unless it is allowed to intervene to assert its right to be paid in preference to" the employee); *Roberts* at *2, 2005 U.S. Dist. LEXIS 36200, at *5 ("Under Louisiana state law, Movants' right to reimbursement will be forever lost unless they are allowed to intervene.").

As can be seen, however, *Dushane* and *Roberts* are entirely inapposite in the case *sub judice* because, unlike the situation in Louisiana, the fact that a Missouri employer is not a party to an injured employee's suit against a third-party tortfeasor does not forfeit or limit the employer's right to seek reimbursement for Missouri workers' compensation benefits paid to the employee. This is because employers in Missouri who have paid workers' compensation benefits to an injured employee have a multitude of options available to recoup the benefits from a third-party tortfeasor, and are not limited to intervention in the underlying suit.

In the recent case of *Doss v. Howell–Oregon Electric Cooperative, Inc.*, 158 S.W.3d 778 (Mo.App. S.D.2005), the Southern District conducted a thorough review of the many ways in which an employer's section 287.150 subrogation rights may be protected and enforced, noting that "[t]he

manner in which rights under § 287.150, RSMo 2000 may be invoked, which may lead to a workers' compensation insurance carrier who paid workers' compensation benefits to an employee recouping those payments from the third-party tortfeasor, *need not take a singular form.*" Id. at 782 (emphasis added). In particular, the court observed that as an alternative to intervening in the suit brought by the employee against the third-party tortfeasor,

[t]he insurance carrier may file a separate suit against the third-party tortfeasor *after* a cause of action between the employee and third person has been settled *or* arrived at a verdict.

Other options include the insurance carrier filing a declaratory judgment action against the employee *after* the employee's suit against the third-party tortfeasor has been resolved. Yet another method is for the employee to file a declaratory judgment action against the insurance carrier when the parties are unable to agree on the application of § 287.150.3, RSMo 2000. We also find cases in which an employee's attorney or an attorney for one of the employee's dependents files an interpleader action to determine the appropriate distribution of settlement proceeds.

*Id.* at 782–83 (internal citations omitted, emphasis added).

■ After listing these various options, the court went on to hold that while an employer or its workers' compensation insurance carrier may seek to intervene in an employee's suit against a third-party tortfeasor, they have "no duty to intervene" and do not "waive [their] right to reimbursement or subrogation" by failing to seek intervention. Id. at 783. Thus, we reject SVC's argument that intervention was necessary since, absent intervention, disposition of the underlying action between Kinney and the Defendants would

effectively impair or impede its right to protect its statutory workers' compensation lien.

Quoting *Stafford v. Kite,* 26 S.W.3d 277, 279–80 (Mo.App. W.D.2000), SVC also contends that "[i]n an uninsured motorist case, an insurer attempting to intervene as a matter of right usually satisfies the first two elements required" under Rule 52.12(a)(2). SVC then argues that the rationale allowing the insurer to intervene in such cases should be extended to those like the instant case. Notably absent from SVC's analysis, however, is any acknowledgment of the fact that in uninsured motorist cases, "the plaintiff's insurance carrier stands in the position of the uninsured motorist on the issues of liability and damages." Id. at 280–81. Therefore, in such cases the plaintiff and his or her insurance carrier possess "contrary interests" inasmuch as the plaintiff is seeking to recover damages, while his or her insurance company stands in the shoes of the uninsured motorist for purposes of defending liability and contesting damages in the suit. *Id.* at 281. Under those circumstances, the only way for the plaintiff's insurance carrier to dispute liability or damages or negotiate on its own behalf is to intervene, since it will be estopped from relitigating issues of liability and damages in any subsequent action. *Id.* at 280.

■ In marked contrast, the interests of Kinney and SVC in the instant case are far from "contrary" and are, in fact, closely aligned since they both clearly have an interest in seeking maximum recovery for the damages allegedly caused by the Defendants. As the Eastern District observed in *O'Hanlon Reports, Inc. v. Needles,* 360 S.W.2d 382 (Mo.App. E.D.1962):

> Regardless of the employer's rights of subrogation [under section 287.150], the employee remains a real party in interest, and may bring a suit [against the third-party tortfeasor] for *all* of his damages. In fact, he must do so, for he may not defeat the employer's right to subrogation by only suing for what he claims to be non-compensable elements of damages.

*Id.* at 386 (internal citation omitted). And, if the third-party tortfeasor settles with the employee for a sum less than the workers' compensation benefits paid by the employer, the settlement does not extinguish the employer's right of subrogation if the amount of the settlement is inadequate and constitutes a fraud on the employer. *Id.* at 385 (citing *Everard v. Woman's Home Companion Reading Club,* 234 Mo.App. 760, 122 S.W.2d 51, 59 (E.D.1938)).[3]

■ Moreover, SVC's interest in recovering the amounts paid to Kinney as workers' compensation benefits is not impeded in that the validity of the lien is not at issue in Kinney's lawsuit against the third-party tortfeasor Defendants. To the contrary, SVC's lien is protected regardless of whether it is a participant in that proceeding. This is because under Missouri law, an employee who sues and recovers damages from a third-party tortfeasor for injuries to the employee holds the amount due

---

**3.** In *Everard,* 122 S.W.2d at 58–59, the court noted that what is now section 287.150.1

> clearly prevents any unfairness to the employer by the employee making a settlement. The amount which the employee 'would have been entitled to recover' [under section 287.150.1] remains to be determined if the employer is not satisfied with the settlement which the employee made

> with the third party. The third party is chargeable with notice of the employer's right to subrogation under the law, and when said party made the settlement, it took the risk of having to pay additional damages if the settlement was made by fraud, accident, or mistake, or was not fair and adequate.

to the employer in trust so as to ensure that the employer's right of subrogation is protected pursuant to section 287.150. *Id.* at 386; *Schumacher v. Leslie,* 360 Mo. 1238, 232 S.W.2d 913, 919 (1950).

Finally, SVC argues that its ability to protect its lien interest might be impaired or impeded without intervention because Kinney might settle with one or more of the Defendants and then execute a release absolving all Defendants of any other liability. While this could conceivably occur, the other enforcement options mentioned in *Doss* would still be available to SVC, not to mention the remedy discussed in *O'Hanlon* and *Everard, supra. See generally Timmermann v. Timmermann,* 891 S.W.2d 540, 542 (Mo.App. E.D.1995) (holding that "any remedy against [the third party] which may have been available to [the would-be intervenors] prior to the commencement of the [plaintiff's] action would still be available" to them in the event of an adverse disposition, which "also would not, in and of itself, preclude a subsequent [equitable] action by" the would-be intervenors).

For all these reasons, we conclude that SVC failed to meet its burden to prove that it "is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect [its statutory workers' compensation lien] interest." Rule 52.12(a)(2).

 As noted *supra,* the third element of Rule 52.12(a)(2) required SVC to prove that its interest was not adequately represented by the existing parties. Id.; *Moxness,* 131 S.W.3d at 444. "The determination of whether a proposed intervenor's interest is adequately represented by an original party to an action usually turns on whether there is an identity or divergence of interest between the proposed intervenor and the party." *Alsbach v. Bader,* 616 S.W.2d 147, 151 (Mo.App. E.D.

1981). SVC contends that its "subrogation interest/lien rights" will not be adequately represented by counsel for Kinney because Kinney's interest "is in diminishing [the] lien to as great extent as possible" while SVC's interest "is in maximizing full recovery on the workers' compensation lien." Due to this "inherent conflict of interest," SVC suggests that counsel for Kinney cannot zealously represent Kinney's interests while also zealously representing the interests of SVC. We cannot agree.

First of all, SVC's argument assumes that the validity of the workers' compensation lien is at issue in the case between Kinney and the Defendants. Kinney's petition in that matter, however, does not address, mention, or challenge any issues related to SVC's workers' compensation lien, but seeks recovery of all damages caused by the Defendants. This is in SVC's interests since SVC will not recoup any of the money it has paid in workers' compensation benefits to Kinney until and unless Kinney succeeds in obtaining recovery against the Defendants. As such, it cannot be said that there is a conflict of interest. To the contrary, as noted *supra,* the interests of Kinney and SVC are closely aligned since they both clearly have an interest in seeking maximum recovery for the damages allegedly caused by the Defendants.

Moreover, SVC has not made any claim that Kinney's lawsuit against the Defendants is not being effectively prosecuted nor has it set forth any facts to support its assertion that it can only enforce its lien through intervention. To the contrary, as noted *supra,* SVC has various other legal options to protect and enforce its lien, which is protected regardless of whether it is a participant in Kinney's lawsuit. Accordingly, SVC "has failed to show that its interest is not adequately represented by the existing parties to [Kinney's] action."

*Pinnell,* 804 S.W.2d at 65 (affirming denial of promissory note holder's motion to intervene as of right under Rule 52.12(a)(2) and holding that the third element was not met since the would-be intervenor "made no claim that plaintiffs' lawsuit [was] not being effectively prosecuted" and "expressed [no] desire to become an active participant in the lawsuit for any purpose other than to assert a claim for an 'equitable lien in its favor on the proceeds of any settlement or money judgment.' ").

Because SVC failed to show that any Missouri statute unconditionally authorized it to intervene as a matter of right under Rule 52.12(a)(1) and it did not satisfy two of the three mandatory requirements for intervention as a matter of right under Rule 52.12(a)(2), the trial court did not err in denying SVC's Motion to Intervene in Kinney's personal injury suit against Defendants. Therefore, the judgment of the trial court is affirmed.

All concur.