236 S.W.3d 106 (2007)
In the Interest of A.M., D.N. and D.N.
Missouri Department of Social Services, Children's Division, Appellant.
Nos. 28521, 28484.
Missouri Court of Appeals, Southern District, Division Two.
October 11, 2007.
*107 Jeremiah W. (Jay) Nixon, Atty. Gen., and Gary L. Gardner, Assistant Attorney General, of Jefferson City, MO, for Appellant.
GARY W. LYNCH, Chief Judge.
The Children's Division of the Missouri Department of Social Services appeals the judgment of the Juvenile Division of the Circuit Court of Butler County against it and in favor of attorney Scott Dale for attorney fees arising out of Dale's services to third parties in a guardianship proceeding in the Probate Division of the Circuit Court of Butler County. Finding that the Juvenile Division lacked subject matter jurisdiction to entertain a contract dispute over attorney fees in a probate proceeding brought by a person who was not a party to or participant in the underlying juvenile proceeding, we reverse the judgment.

(1) Factual and Procedural Background
Pursuant to a petition filed July 30, 2003, in the Juvenile Division of the Circuit Court of Butler County, under case no. JU3-03-42J, an order of protective custody *108 was issued assuming jurisdiction over three minor children who were adjudicated as neglected pursuant to section 211.031.1(1).[1] The Juvenile Division found that their mother was "homeless and unwilling to provide the children a sufficient home" and that their father "says he cannot provide for the children at this time." Temporary custody of the minor children was ordered placed with the Children's Division. Juvenile Division jurisdiction over the children continued until April 2007, when the minor children were reunified with their mother.
On August 10, 2005, while the children remained in the legal custody of the Children's Division, a Petition for Appointment of Guardian was filed in the Probate Division of the Circuit Court of Butler County, designated as Estate No. CV105-227P. Therein, the minor children's maternal aunt and uncle through their attorney Scott Dale requested letters of guardianship for the two younger children. At a hearing set for July 12, 2006, the aunt and uncle indicated their desire to "dismiss [the] guardianship case." On July 27, 2006, Dale, as counsel for the aunt and uncle, appeared and moved to dismiss the action. Dismissal was ordered, and the judge of the Probate Division ordered the probate file closed on the same date.
Three months later, on November 8, 2006, Dale filed a Motion for Payment of Attorney Fees in the Juvenile Division of the Circuit Court of Butler County in case number JU3-03-42J, the previously mentioned neglect action. In that motion he requested payment of attorney fees in the amount of $1,300.00 for services rendered in the probate action for appointment of guardians. Dale alleged in his motion the following:
1. On July 28, 2005, at the request of Division of Family Services,[[2]] Children's Division, [Dale] filed a Petition for Appointment of Guardian for the above named minor children by the maternal Aunt and Uncle of said minor children. [Dale] was advised by Division of Family Services that the filing of said Petition was necessary for protection of the minor children.
2. [Dale] was assured that payment for his attorney fee in representing the maternal Aunt and Uncle would be made by the Division of Family Services.
3. Division of Family Services is now refusing to compensate [Dale] for his representation in the Petition for Guardianship[.]
Apparently, Dale's request for payment of fees was based on his contention that there existed an agreement for payment between Children's Division and himself, as his motion cites no express statutory authority as a basis for recovery. "[I]t has been held that whether attorneys' fees are recoverable depends upon either express statutory authority or agreement of the parties." State ex rel. Cain v. Mitchell, 543 S.W.2d 785, 786 (Mo. banc 1976).
In its response and suggestions in opposition to Dale's motion, Children's Division asserted "the long-standing rule that neither fees nor costs can be taxed against the State or state agency absent express and specific statutory authority therefore." In the Interest of C.D.S., 652 S.W.2d 233, 234 (Mo.App.1983). Children's Division also opposed the motion for the reason *109 that "the law clearly states that attorneys' fees and costs cannot be assessed against the Division in a guardianship case[,]" citing Temes v. Dept. of Social Servs., 133 S.W.3d 552 (Mo.App.2004) as support. On March 25 or 26, 2007, the Juvenile Division heard arguments, sustained the motion for attorney fees, and by docket entry ordered the Children's Division to pay Dale $1,300.00 for his services in the former guardianship action.
On May 2, 2007, the Children's Division filed its notice of appeal. On that same date, it moved in the Juvenile Division for entry of a final judgment, contending that pursuant to Rule 74.01, the docket entry dated March 26, 2007 was not a judgment, as it was not denominated as a judgment or decree and was not signed by the trial court. This first appeal filed on May 2, 2007 was assigned No. 28484 by this Court.
The Juvenile Division granted Children's Division's motion for entry of a final judgment on May 14, 2007 and, on the same date, executed and filed an Order and Judgment in accordance with the March 26, 2007 docket entry. The Children's Division filed its notice of appeal from the May 14 judgment on May 21, 2007, and that appeal was assigned No. 28521. The two appeals were consolidated.

(2) Appeal No. 28484
In No. 28484, appeal was taken from the March 26, 2007 docket entry, communicated to the parties via a "notice of entry," stating:
Motion Hearing Held
Case comes on for hearing on Attorney Scott Dale's motion for Attorney's fees. Attorney Scott Dale appears and Attorney Blake Pearson for Childrens Division. Motion argued. Court sustains Attorney Scott Dale's motion. Children's Division ordered to pay Attorney Scott Dale $1300.00. Clerk to notify Children's Division. Adjudged and ordered this 25th day of March 2007. So Ordered. MLR
The notice was signed by "Clerk of Court."
"In a civil case, a judgment is a writing both signed by a judge and expressly denominated a `judgment.'" Jackson v. Cannon, 147 S.W.3d 168, 171 (Mo. App.2004). The March 26, 2007 entry in this case was not signed by a judge and was not denominated a judgment, and therefore does not constitute a judgment from which an appeal may be taken. See id. There was no judgment in this matter until May 14, 2007, when the Order and Judgment was filed pursuant to Appellant's motion for entry of a final judgment. Accordingly, upon our finding that the docket entry from which this appeal was taken was not a judgment, Appeal No. 28484 is dismissed. Jackson, 147 S.W.3d at 171.

(3) Appeal No. 28521
In Appeal No. 28521, Children's Division challenges the Juvenile Division's judgment awarding attorney fees, contending that "such an award is barred by the Children's Division's immunity in that no statute authorizes a fee award against a state agency in a child neglect or a guardianship proceeding." This court reviews an award of attorney fees "to determine if the award was arbitrary and capricious, unreasonable, unsupported by competent and substantial evidence, made contrary to the law or in excess of the court's jurisdiction." Temes, 133 S.W.3d at 553. However, for the following reasons, we do not reach the merits of the issue briefed by the Children's Division.
Whether or not jurisdictional issues are raised, this court is "obligated to consider whether a trial court had the *110 jurisdiction to enter the judgment." Doss v. Howell-Oregon Elec. Co-op., Inc., 158 S.W.3d 778, 782 (Mo.App.2005). "[I]n order for a court to acquire jurisdiction to adjudicate, it must have jurisdiction of the subject matter, jurisdiction of the res or the parties, and jurisdiction to render a particular judgment in a particular case." Schneider v. Sunset Pools of St. Louis, 700 S.W.2d 137, 138 (Mo.App.1985).
"The term jurisdiction is often somewhat loosely employed but generally refers to three kinds of authority of a court: over the person; over the subject matter; and to render the judgment or order given." Doss, 158 S.W.3d at 781-82. "In the strict sense, jurisdiction refers to the judicial authority over the subject matter and the parties." Id. at 782. "In a broader sense, the jurisdiction of a court includes the power to grant specific relief in cases in which it has judicial authority over the subject matter and parties." Id.
We first observe that Dale was not a party to the proceeding pending in the Juvenile Division. Generally, "`[a] party to an action is a person whose name is designated on record as plaintiff or defendant.'" State ex rel. American Family Mut. Ins. Co. v. Scott, 988 S.W.2d 45, 47-48 (Mo.App.1998), quoting Maurer v. Clark, 727 S.W.2d 210-11 (Mo.App.1987). Rules 110 through 128 govern practice and procedure in the juvenile division of the circuit court under Chapter 211. Rule 110.01.[3] Rule 110.05(a)(19) provides that "`party' means a juvenile who is the subject of a court proceeding, a custodian of the juvenile except a foster parent, the juvenile officer, and any other person denominated by statute or court order as a party in the proceedings." "By definition, a judgment is applicable only to the parties." Meyer v. Meyer, 842 S.W.2d 184, 187 (Mo.App.1992). Dale, who was not a plaintiff, a defendant, the juvenile, or a custodian of the juvenile, was not a party to the neglect action in the Juvenile Division. Likewise he did not seek to intervene as a party, so the issue of whether he otherwise had a right to intervene is not before us. In addition, we note that Dale had no involvement with the juvenile proceeding in any representative capacity. Apparently the only connection Dale had to the juvenile proceeding was the filing of his motion for payment of attorney fees for representing the aunt and uncle in the guardianship proceeding.
By statutory definition "the juvenile division or divisions of the circuit court of the county, or judges while hearing juvenile cases assigned to them" are considered one and the same as the "Juvenile Court." Section 211.021.3; Barry v. Barrale, 598 S.W.2d 574, 578 (Mo.App.1980). Within the context of Art. V, section 14(a), Mo. Const.1945, amended 1976, which confers general case jurisdiction upon the circuit court, "the legislature exercises its authority to designate subjects, conditions and exigencies which warrant exercise by the juvenile court of jurisdiction in the affairs of children." Barry, 598 S.W.2d at 578. "Thus it is that the legislature provides the subject guide for matters within the sphere of juvenile court business, and, having designated such cases as appropriate for judicial action, jurisdiction lodges in the juvenile division of the circuit court by constitutional authority." Id.
The subject matter jurisdiction for the juvenile court, and thereby the juvenile division or a judge hearing a juvenile case, is generally set forth in section 211.031. Other statutes assign additional specific matters to the purview of the juvenile court. See e.g., section 188.028.2(1) (court *111 consideration of consent for abortion by a minor assigned to juvenile court); section 221.044 (traffic court judge may request the juvenile court to order the commitment of a person under the age of seventeen to a juvenile detention facility). Nothing in our research, however, discloses any statutory authority for the juvenile court, the juvenile division or a judge hearing an assigned juvenile case to hear or decide an alleged contract dispute between an adult who is not otherwise a party to or a participant in a juvenile proceeding and a state agency over attorney fees in a probate proceeding. The resolution of this alleged contractual issue between Dale and Children's Division has no relationship to the representation of any party involved in the juvenile proceeding or any impact upon the resolution of the underlying juvenile case. Without specific statutory authority to hear this type of dispute, the juvenile division lacked subject matter jurisdiction to consider the motion or to enter the judgment for payment of attorney fees arising out of a probate proceeding.
"If a trial court enters a judgment that was beyond its jurisdiction, that judgment is void," and "the judgment must be reversed." Doss, 158 S.W.3d at 782, 784. Accordingly, the Judgment filed May 14, 2007 awarding attorney fees to Dale is reversed, and the cause is remanded to the trial court with directions to dismiss Dale's Motion for Payment of Attorney Fees without prejudice.
BARNEY, P.J., and RAHMEYER, J., concur.
NOTES
[1] All references to statutes are to RSMo 2000, unless otherwise indicated.
[2] "The Division of Family Services is now known as the Family Support and Children's Division. See ch. 207, RSMo Supp.2006." Jamison v. State, Dept. of Social Servs., Div. of Family Servs., 218 S.W.3d 399, 402 n. 1 (Mo. banc 2007).
[3] All references to rules are to Missouri Court Rules (2006).